UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE DICKENS,

    Plaintiff,

v.                                               Case No. _____

PEPPERIDGE FARM INCORPORATED,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW**, Defendant, PEPPERIDGE FARM, INC. ("Defendant"), by and through its undersigned counsel, and, pursuant to 28 U.S.C. § 1331, § 1441 (a) and (c), and § 1446, hereby removes this action from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (the "State Court") to the United States District Court for the Middle District of Florida, Tampa Division. In support of its Notice of Removal, Defendant states:

    1.    On July 29, 2019, STEPHANIE DICKENS ("Plaintiff") filed an action in the State Court captioned *Stephanie Dickens v. Pepperidge Farm Incorporated*, Case No. 19-003159 ("State Court Action").

    2.    Plaintiff's Complaint and Demand for Jury Trial ("Complaint") filed in the State Court Action asserts claims against Defendant for alleged violations of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C § 2000e *et seq.*, the Florida Civil Rights Act of 1992 as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Florida Private Whistleblower's Act ("FPWA"), Fla. Stat. § 448.102.

    3.    Plaintiff's FCRA and FPWA claims ("State Law Claims") arise out of the same alleged facts and circumstances as Plaintiff's Title VII claims and are so related to Plaintiff's

Title VII claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Defendant waived Service of Process on October 11, 2019 in the State Court Action. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within 30 days of Defendant's receipt of the Complaint. Defendant is the only defendant named in the State Court Action, it consents to removal to this Court, and therefore has the power to remove this action.

5. This Court has original jurisdiction over Plaintiff's Title VII claims because they arise under the laws of the United States, thereby invoking the federal question jurisdiction of this Court under 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over Plaintiff's State Law Claims because they are so related to Plaintiff's Title VII claims that they form part of the same case or controversy under 28 U.S.C. § 1367(a). Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c), and § 1446.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), as the State Court is within the district and division embraced by this Court. Therefore, the State Court Action is properly removed to this Court.

7. Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02, true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit A.** No orders have been signed by the presiding judge in the State Court Action, and there are no pending motions.

8. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be duly served upon Plaintiff through her counsel, and a copy of this Notice of Removal will be filed with the Clerk of the State Court.

9. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

10. By removing this action from the State Court, Defendant does not admit any of the allegations in Plaintiff's Complaint and does not waive any defenses available to it.

**WHEREFORE**, Defendant hereby removes this case from the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: October 11, 2019                         **SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *Christopher Cavaliere*
**MICHELE LEO HINTSON, ESQ.**
Florida Bar No. 604941
**CHRISTOPHER CAVALIERE, ESQ.**
Florida Bar No. 85776
mhintson@shumaker.com
ccavaliere@shumaker.com
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida  33602
PH:  (813) 229-7600/FAX:  (813) 229-1660
*Attorneys for Defendant*

IN THE CIRCUIT COURT OF THE TENTH] JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

STEPHANIE DICKENS,

    Plaintiff,

v.

                                    CASE NO.:

                                    DIVISION:

PEPPERIDGE FARM
INCORPORATED,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE DICKENS ("PLAINTIFF"), by and through undersigned counsel, brings this action against Defendant, PEPPERIDGE FARM INCORPORATED ("DEFENDANT"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat., Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. Venue is proper in Polk County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Lakeland, Polk County, Florida.

# EXHIBIT A

4.      Defendant is a national food processor that produces more than three hundred (300) fresh, frozen, and baked goods for sale and is organized under the laws of Connecticut and operates food processing plants throughout the United States, including in Lakeland, Polk County, Florida.

## GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA, Fla. Stat. Section 760.02(7).

10.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Fla. Stat. § 448.101(2).

11.     At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Fla. Stat. § 448.101(3).

## FACTS

12.     Plaintiff began working for Defendant in its production department on or about March 2009 and is presently still employed with Defendant.

13.     At all times material hereto, Defendant was a food processing "Plant" within the meaning of 21 C.F.R. § 117.3.

14. 21 C. F. R. § 117.20 (a) mandates that food processing plants, such as the facility Defendant operates, "must be kept in a condition that will protect against the contamination of food."

15. Additionally, the 21 C.F.R.§ 117.35 (c) state that Defendant was required to perform the following duty:

> **Pest control**. Pests must not be allowed in any area of a food plant. Guard, guide, or pest- detecting dogs may be allowed in some areas of a plant if the presence of the dogs is unlikely to result in contamination of food, food-contact surfaces, or food-packaging materials. Effective measures must be taken to exclude pests from the manufacturing, processing, packing, and holding areas and to protect against the contamination of food on the premises by pests.

16. As such, Defendant has a legal obligation to ensure the food it produces and sells to consumers across the United States and Canada are free from food contamination from insects such as cockroaches.

17. Defendant failed its obligation and retaliated against Plaintiff because of her opposition to Defendant's unlawful conduct.

18. During the early morning hours of February 22, 2018, Plaintiff noticed that roaches, roach feces, and various roach body parts had gotten inside the wheat glutton tank the Defendant was using to produce the edible products that it intended to sell that night.

19. As per Defendant's protocol, Plaintiff called Defendant's sanitation department to remove the cockroach.

20. Additionally, as per Defendant's protocol and federal regulations, Defendant was required to clean the wheat glutton tank to assess the level of infestation and take measures to eradicate such infestation.

21. Plaintiff informed her supervisor of the measures that needed to be taken to correct the roach infestation at Defendant's food processing plant.

22. Yet, Defendant failed to take remedial action.

23. When Plaintiff informed another superior about the incident, the superior stated that Plaintiff's supervisor never told him about the roach incident. spoke to her supervisor

24. In retaliation for her complaints about the handling of the roach infestation in Defendant's wheat glutton tanks, Defendant retaliated against Plaintiff by taking Frivolous disciplinary action, and by denying her transfers that she was entitled to under Defendant's employment policies and procedures.

25. For example, shortly after making the complaint, Plaintiff was been subjected to, in addition to numerous other disciplinary actions, a five (5) day suspension, even when the situation did not warrant such a suspension under Defendant's disciplinary policies even if the allegation were true.

26. Prior to her complaints about the roach infestation, Plaintiff had rarely been subjected to disciplinary action by Defendant yet was punished more harshly than employees who did not make complaints about Defendant's roach infestation.

27. Plaintiff is a woman.

28. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

29. Plaintiff performed the job for which she was hired in a satisfactory manner.

30. Nevertheless, during Plaintiff's employment, Defendant subjected Plaintiff and similarly-situated employees to its common practice of subjecting Plaintiff and other women to different terms and conditions of employment because of their gender.

- 4 -


31. Plaintiff was routinely passed over for positions that she was entitled to under Defendant's policies and procedures yet was denied in favor of males with less experience and less seniority.

32. Thus, Plaintiff was subjected to disparate treatment on the basis of her gender.

33. Plaintiff complained about this disparate treatment to Defendant by objecting Defendant's about Defendant's discriminatory gender employment practices to Defendant's supervisor's Human Resources ("HR") representatives.

34. Defendant took no remedial action in response.

35. Defendant retaliated against Plaintiff for invoking her rights under Title VII by denying Plaintiff the same terms and conditions of employment such as being able to transfer to different areas of Defendant's facility in accordance with its established policies and procedures.

## COUNT I – RETALIATION UNDER THE FPWA

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37. Plaintiff opposed and refused to participate in Defendant's violation of the aforementioned food and safety regulations, thereby engaging in protected activity under the FPWA.

38. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by subjecting Plaintiff to different terms and conditions of employment, including denying her for promotions, raises, transfers, and by subjecting Plaintiff to pretextual and frivolous disciplinary action.

39. Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

2019CA-003159-0000-00        Received in Polk 07/29/2019 11:59 PM

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

(d)     Any other compensatory damages allowable at law;

(e)     All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

(f)     For such further relief as this Court deems just and equitable.

### COUNT II – TITLE VII VIOLATION
### (GENDER DISCRIMINATION)

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under Title VII.

42. Defendant's aforementioned conduct subjected Plaintiff to disparate treatment on the basis of her gender.

43. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under Title VII.

48. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

49. Defendant retaliated against Plaintiff for engaging in protected activity under the Title VII by subjecting Plaintiff to different terms and conditions of employment, including denying her for promotions, raises, transfers, and by subjecting Plaintiff to pretextual and frivolous disciplinary action.

50. Defendant's actions were willful and done with malice.

51. Defendant took material adverse action against Plaintiff.

- 7 -

52. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

(d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g) Front pay;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k) All costs and attorney's fees incurred in prosecuting these claims; and

(l) For such further relief as this Court deems just and equitable.

<div align="center">

**COUNT IV – FCRA VIOLATION
(GENDER DISCRIMINATION)**

</div>

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

<div align="center">- 8 -</div>

54. Plaintiff is a woman and as such, member of a protected class under the FCRA.

55. Plaintiff was subjected to disparate treatment on account of her gender by Defendant's aforementioned conduct.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT V– FCRA RETALIATION

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA.

60. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's gender discriminatory employment practices.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment, including denying her for promotions, raises, transfers, and by subjecting Plaintiff to pretextual and frivolous disciplinary action.

62. Defendant's actions were willful and done with malice.

63. Defendant took material adverse action against Plaintiff.

64. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

    (j)        All costs and attorney's fees incurred in prosecuting these claims; and

    (k)        For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29 day of July, 2019.

                Respectfully submitted,

                /s/ Patrick Elliott
                **PATRICK K. ELLIOTT**
                Florida. Bar Number: 1000970
                **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                100 S. Ashley Drive, Suite 600
                Tampa, FL 33602
                Direct Dial: (813) 379-3090
                Facsimile:   (813) 433-5126
                Email: elliottp@employmentandconsumerlaw.com
                Email: assistant@employmentandconsumerlaw.com
                ***Attorney for Plaintiff***

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

**STEPHANIE DICKENS,**

    Plaintiff,

                                                                    CASE NO. 2019-CA-003159

v.

**PEPPERIDGE FARM INCORPORATED,**

    Defendant.

_____/

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES**

NOTICE IS HEREBY given that Michele Leo Hintson, Esq. and Christopher Cavaliere, Esq., of the Law Firm of Shumaker, Loop & Kendrick, LLP, enter their appearance as counsel of record on behalf of Defendant, Pepperidge Farm Incorporated, and request that a copy of all pleadings and other documents in the above-styled case be served on the undersigned.

Pursuant to Fla. R. Jud. Admin. 2.516(b)(1)(A), the undersigned counsel hereby designate the following email addresses to be used for service of all court papers in this action:

| | |
|---|---|
| Primary Email: | mhintson@shumaker.com |
| Secondary Email: | kgrotz@shumaker.com |
| Primary Email: | ccavaliere@shumaker.com |
| Secondary Email: | dmazzarella@shumaker.com |

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *Christopher Cavaliere*
**MICHELE LEO HINTSON, ESQ.**
Florida Bar No. 604941
mhintson@shumaker.com
kgrotz@shumaker.com
**CHRISTOPHER CAVALIERE, ESQ.**
Florida Bar No. 85776
ccavaliere@shumaker.com
dmazzarella@shumaker.com
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
PH: (813) 229-7600/FAX: (813) 229-1660
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 11, 2019, a true and correct copy of the foregoing was electronically filed with the Florida Courts E-Filing Portal which will furnish copies via email to all counsel of record.

*/s/ Christopher Cavaliere*
**ATTORNEY**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

**STEPHANIE DICKENS,**

    Plaintiff,

                                                                      **CASE NO. 2019-CA-003159**

v.

**PEPPERIDGE FARM INCORPORATED,**

    Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING

    Defendant, Pepperidge Farm Incorporated, gives notice of filing the Waiver of Service of Process.

                                            **SHUMAKER, LOOP & KENDRICK, LLP**

                                            By: /s/ *Christopher Cavaliere*
                                                   **MICHELE LEO HINTSON, ESQ.**
                                                   Florida Bar No. 604941
                                                   mhintson@shumaker.com
                                                   kgrotz@shumaker.com
                                                  **CHRISTOPHER CAVALIERE, ESQ.**
                                                   Florida Bar No. 85776
                                                 ccavaliere@shumaker.com
                                                 dmazzarella@shumaker.com
                                                 101 East Kennedy Boulevard, Suite 2800
                                                 Tampa, Florida 33602
                                                 PH: (813) 229-7600/FAX: (813) 229-1660
                                                 *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on October 11, 2019, a true and correct copy of the foregoing was electronically filed with the Florida Courts E-Filing Portal which will furnish copies via email to all counsel of record.

                                                                */s/ Christopher Cavaliere*
                                                                 **ATTORNEY**

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

STEPHANIE DICKENS,

    Plaintiff,

v.

    CASE NO.:   19-003159

    DIVISION:

PEPPERIDGE FARM
INCORPORATED,

    Defendant.
_____/

## WAIVER OF SERVICE OF PROCESS

TO:   PATRICK K. ELLIOTT
       LAW OFFICE OF PATRICK K. ELLIOTT
       100 S. Ashley Drive, Suite 600
       Tampa, Fl 33602
       Phone: (813) 379-3090
       Fax:   (813) 433-5126

I acknowledge receipt of your request that I waive service of process in the lawsuit of Dickens v. Pepperidge Farm Incorporated, commenced in the Tenth Judicial Circuit Court for Polk County, Florida. I have received a copy of the Complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the Complaint in this lawsuit by not requiring that I or be served with judicial process in the manner provided by Florida Rule of Civil Procedure 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity to whom the notice was sent and my authority to accept service on behalf of that entity is as follows:

Name: John A. Connelly
Title: Associate Counsel, Labor and Employment

I (or the entity on whose behalf I am acting), will retain all defenses and objections to the afore-mentioned lawsuit or to the jurisdiction or venue of the Court, except in the filing of objections based on a defect in the form or service of the summons.

I understand that a judgment may be entered against if a written response is not served upon you within sixty (60) days from the date on which I received the notice of this lawsuit and the associated request for waiver of service of process.

Dated this 11th day of ~~September~~ October, 2019.

_____
Defendant or Defendant's Representative

- 2 -