IN THE CIRCUIT COURT OF THE TENTH] JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

STEPHANIE DICKENS,

    Plaintiff,

v.

    CASE NO.:

    DIVISION:

PEPPERIDGE FARM
INCORPORATED,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE DICKENS ("PLAINTIFF"), by and through undersigned counsel, brings this action against Defendant, PEPPERIDGE FARM INCORPORATED ("DEFENDANT"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat., Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2.    Venue is proper in Polk County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3.    Plaintiff is a resident of Lakeland, Polk County, Florida.

4. Defendant is a national food processor that produces more than three hundred (300) fresh, frozen, and baked goods for sale and is organized under the laws of Connecticut and operates food processing plants throughout the United States, including in Lakeland, Polk County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA, Fla. Stat. Section 760.02(7).

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Fla. Stat. § 448.101(2).

11. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Fla. Stat. § 448.101(3).

## FACTS

12. Plaintiff began working for Defendant in its production department on or about March 2009 and is presently still employed with Defendant.

13. At all times material hereto, Defendant was a food processing "Plant" within the meaning of 21 C.F.R. § 117.3.

14. 21 C. F. R. § 117.20 (a) mandates that food processing plants, such as the facility Defendant operates, "must be kept in a condition that will protect against the contamination of food."

15. Additionally, the 21 C.F.R.§ 117.35 (c) state that Defendant was required to perform the following duty:

> **Pest control**. Pests must not be allowed in any area of a food plant. Guard, guide, or pest- detecting dogs may be allowed in some areas of a plant if the presence of the dogs is unlikely to result in contamination of food, food-contact surfaces, or food-packaging materials. Effective measures must be taken to exclude pests from the manufacturing, processing, packing, and holding areas and to protect against the contamination of food on the premises by pests.

16. As such, Defendant has a legal obligation to ensure the food it produces and sells to consumers across the United States and Canada are free from food contamination from insects such as cockroaches.

17. Defendant failed its obligation and retaliated against Plaintiff because of her opposition to Defendant's unlawful conduct.

18. During the early morning hours of February 22, 2018, Plaintiff noticed that roaches, roach feces, and various roach body parts had gotten inside the wheat glutton tank the Defendant was using to produce the edible products that it intended to sell that night.

19. As per Defendant's protocol, Plaintiff called Defendant's sanitation department to remove the cockroach.

20. Additionally, as per Defendant's protocol and federal regulations, Defendant was required to clean the wheat glutton tank to assess the level of infestation and take measures to eradicate such infestation.

21. Plaintiff informed her supervisor of the measures that needed to be taken to correct the roach infestation at Defendant's food processing plant.

22. Yet, Defendant failed to take remedial action.

23. When Plaintiff informed another superior about the incident, the superior stated that Plaintiff's supervisor never told him about the roach incident. spoke to her supervisor

24. In retaliation for her complaints about the handling of the roach infestation in Defendant's wheat glutton tanks, Defendant retaliated against Plaintiff by taking Frivolous disciplinary action, and by denying her transfers that she was entitled to under Defendant's employment policies and procedures.

25. For example, shortly after making the complaint, Plaintiff was been subjected to, in addition to numerous other disciplinary actions, a five (5) day suspension, even when the situation did not warrant such a suspension under Defendant's disciplinary policies even if the allegation were true.

26. Prior to her complaints about the roach infestation, Plaintiff had rarely been subjected to disciplinary action by Defendant yet was punished more harshly than employees who did not make complaints about Defendant's roach infestation.

27. Plaintiff is a woman.

28. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

29. Plaintiff performed the job for which she was hired in a satisfactory manner.

30. Nevertheless, during Plaintiff's employment, Defendant subjected Plaintiff and similarly-situated employees to its common practice of subjecting Plaintiff and other women to different terms and conditions of employment because of their gender.

- 4 -

31. Plaintiff was routinely passed over for positions that she was entitled to under Defendant's policies and procedures yet was denied in favor of males with less experience and less seniority.

32. Thus, Plaintiff was subjected to disparate treatment on the basis of her gender.

33. Plaintiff complained about this disparate treatment to Defendant by objecting Defendant's about Defendant's discriminatory gender employment practices to Defendant's supervisor's Human Resources ("HR") representatives.

34. Defendant took no remedial action in response.

35. Defendant retaliated against Plaintiff for invoking her rights under Title VII by denying Plaintiff the same terms and conditions of employment such as being able to transfer to different areas of Defendant's facility in accordance with its established policies and procedures.

## COUNT I – RETALIATION UNDER THE FPWA

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37. Plaintiff opposed and refused to participate in Defendant's violation of the aforementioned food and safety regulations, thereby engaging in protected activity under the FPWA.

38. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by subjecting Plaintiff to different terms and conditions of employment, including denying her for promotions, raises, transfers, and by subjecting Plaintiff to pretextual and frivolous disciplinary action.

39. Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

(d) Any other compensatory damages allowable at law;

(e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

(f) For such further relief as this Court deems just and equitable.

### COUNT II – TITLE VII VIOLATION
### (GENDER DISCRIMINATION)

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under Title VII.

42. Defendant's aforementioned conduct subjected Plaintiff to disparate treatment on the basis of her gender.

43. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under Title VII.

48. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

49. Defendant retaliated against Plaintiff for engaging in protected activity under the Title VII by subjecting Plaintiff to different terms and conditions of employment, including denying her for promotions, raises, transfers, and by subjecting Plaintiff to pretextual and frivolous disciplinary action.

50. Defendant's actions were willful and done with malice.

51. Defendant took material adverse action against Plaintiff.

2019CA-003159-0000-00        Received in Polk 07/29/2019 11:59 PM

52. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

(d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g) Front pay;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k) All costs and attorney's fees incurred in prosecuting these claims; and

(l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (GENDER DISCRIMINATION)

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

- 8 -

54. Plaintiff is a woman and as such, member of a protected class under the FCRA.

55. Plaintiff was subjected to disparate treatment on account of her gender by Defendant's aforementioned conduct.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT V– FCRA RETALIATION

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA.

60. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's gender discriminatory employment practices.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment, including denying her for promotions, raises, transfers, and by subjecting Plaintiff to pretextual and frivolous disciplinary action.

62. Defendant's actions were willful and done with malice.

63. Defendant took material adverse action against Plaintiff.

64. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

  (j)  All costs and attorney's fees incurred in prosecuting these claims; and

  (k)  For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29 day of July, 2019.

            Respectfully submitted,

            /s/ Patrick Elliott
            **PATRICK K. ELLIOTT**
            Florida. Bar Number: 1000970
            **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
            100 S. Ashley Drive, Suite 600
            Tampa, FL 33602
            Direct Dial: (813) 379-3090
            Facsimile:  (813) 433-5126
            Email: elliottp@employmentandconsumerlaw.com
            Email: assistant@employmentandconsumerlaw.com
            *Attorney for Plaintiff*