## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHANIE DICKENS,

        Plaintiff,

v.                                          Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

### DEFENDANT'S DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Pepperidge Farm Incorporated ("Defendant"), by and through its undersigned counsel and pursuant to F.R.C.P. 12(b), hereby moves to dismiss all counts in the First Amended Complaint ("Amended Complaint") filed by Plaintiff, Stephanie Dickens ("Plaintiff") on February 18, 2020.  In support, Defendant submits the following memorandum of law and states:

### I.      BACKGROUND

On July 29, 2019, Plaintiff filed a five-count Complaint (the "Original Complaint") [Dkt. 1] against Defendant alleging retaliation under the Florida Private Whistleblower's Act ("FPWA") as well as gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act ("FCRA").  Specifically, Count I of the Original Complaint alleged retaliation under the FPWA.  Count II alleged gender discrimination under Title VII.  Count III alleged retaliation under Title VII.  Count IV alleged gender discrimination under the FCRA.  Count V alleged retaliation under the FCRA.

The Original Complaint being fatally deficient in several respects, Defendant filed a Dispositive Motion to Dismiss ("Motion to Dismiss") on November 4, 2019.  [Dkt. 7].  As set forth

in the Motion to Dismiss, the Original Complaint was fatally flawed for several reasons.  First and foremost, dismissal with prejudice was required for Counts II through V of the Original Complaint (Plaintiff's Title VII and FCRA claims), as Plaintiff failed to exhaust her administrative remedies on these claims prior to filing the Original Complaint.  Specifically, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") well after the applicable deadlines had expired, and the Charge of Discrimination also failed to allege any facts to support a retaliation claim altogether. Additionally, Counts II through V of the Original Complaint failed to adequately plead facts sufficient to state a claim for discrimination or retaliation under Title VII or the FCRA.  Finally, Count I of the Original Complaint failed to state a cause of action for retaliation under the FPWA by failing to sufficiently plead that Plaintiff engaged in statutorily protected activity or that she suffered a specific adverse employment action as a result of the alleged protected activity.

On December 6, 2019, Plaintiff filed a motion to amend her Complaint ("Motion to Amend").  [Dkt. 17].  The proposed amended complaint was attached as an exhibit to the Motion to Amend.  [Dkt. 17-1].  The proposed amended complaint was nearly indistinguishable from the Original Complaint in all substantive respects and suffered from the same irreparable defects, including the fact that the Plaintiff had failed to file a timely charge of discrimination prior to bringing suit.  Accordingly, Defendant opposed the amendment as futile.  [Dkt. 20].

On January 16, 2020, the Court held a hearing on the Motion to Amend.  At the hearing, Plaintiff vaguely represented, for the first time, that she had one or more documents potentially proving that she had filed a timely charge of discrimination with the EEOC.  [Tr. of Mot. Hr'g 7:3–18; 10:4–25, January 16, 2020].  Accordingly, the Court granted Plaintiff leave to amend her Complaint but directed her to attach the alleged document(s) as an exhibit to the amended

complaint.  [Tr. of Mot. Hr'g 13:9–14:1, January 16, 2020].  In doing so, the Court acknowledged the need for Plaintiff to have filed a timely charge of discrimination and noted that the failure to do so would warrant dismissal of her Title VII and FCRA claims.  [Tr. of Mot. Hr'g 15:1–3, 22–23, January 16, 2020].  Accordingly, the Court afforded Plaintiff a generous 33 days to file her amended complaint along with the allegedly timely Charge.  [Dkt. 25].

Plaintiff filed her Amended Complaint on February 18, 2020 (the last day of the 33-day deadline).  [Dkt. 28].  Despite the Court's instruction to attach Plaintiff's alleged proof of filing a timely Charge to her amended complaint, no exhibits were attached to or filed with the Amended Complaint.  Instead, the Amended Complaint merely attempts to allege that an October 2018 EEOC intake questionnaire constituted Plaintiff's timely charge of discrimination.  [Dkt. 28 ¶ 21].  As discussed below, this contention fails under well-established precedent from both the Eleventh Circuit and this Court.  Specifically, the intake questionnaire to which Plaintiff refers in her Amended Complaint cannot under any circumstances constitute a timely filed charge of discrimination, as it was neither signed nor verified, and it could not otherwise have been reasonably interpreted to represent a charge.  Consequently, Plaintiff's Title VII and FCRA claims (Counts II through V of the Amended Complaint) are time-barred and must be dismissed with prejudice.

In addition to the timeliness issue, and as discussed in detail below, the Amended Complaint is again virtually indistinguishable from the Original Complaint in all substantive respects and suffers from the same other irreparable deficiencies.  Accordingly, the entire Amended Complaint should be dismissed with prejudice.

## II.      MEMORANDUM OF LAW

### A.  *Legal Standard for Motion to Dismiss.*

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement of the claim showing the plaintiff is entitled to relief to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55, (2007) (internal quotation omitted).  A complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  While the pleading standard set forth in Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, a complaint containing "naked assertion[s]" without "further factual enhancement" is insufficient.  *Id*.  Moreover, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Moseley v. McKesson Medical-Surgical, Inc.*, 2013 WL 3639686 (M.D. Fla. July 11, 2013).

### B.  *Plaintiff Failed to Exhaust Her Administrative Remedies on Her Title VII Claims (Counts II and III) and FCRA Claims (Counts IV and V).*

Plaintiff's amended Title VII and FCRA claims should be dismissed with prejudice, as Plaintiff failed to file a timely charge of discrimination with the EEOC and/or FCHR prior to bringing suit.  Her initial intake questionnaire with the EEOC did not constitute a timely charge of discrimination as it was not signed or verified and could not have otherwise been reasonably interpreted to constitute a charge.  Finally, in addition to being time-barred, Plaintiff's retaliation claims are also precluded because Plaintiff failed to include any retaliation claims in her Charge of Discrimination.

### 1. *Plaintiff Failed to File a Timely Charge of Discrimination.*

Plaintiff failed to file a timely charge of discrimination prior to bringing suit.  As a condition precedent to filing either a Title VII or FCRA action, a plaintiff must exhaust all administrative remedies by filing a timely charge with the appropriate agency.  *Schober v. Town of Fort Myers Beach, Fla.*, 2014 WL 6469881 at *4-5 (M.D. Fla. November 17, 2014).  Specifically, Title VII requires that a plaintiff file her EEOC charge within 300 days of the alleged discrimination to preserve any Title VII claims.  *Id.* at *4.  To preserve FCRA claims, the charge must be filed within 365 days.  *Id.*  A claim is time-barred if not filed within these time limits.  *Id.*

Specifically, each incident of alleged discrimination constitutes a separate "discrete discriminatory act [that] starts a new clock for filing charges alleging that act."  *Brooks v. CSX Transportation, Inc.*, 2013 WL 12091685 at *4 (M.D. Fla. March 29, 2013), *affirmed in* 555 Fed.Appx. 878 (11th Cir. 2014) (quoting *Natl R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).  Further, "'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.'"  *Id.*  Failures to promote, demotions, and refusals to transfer are all examples of "discrete acts" requiring a timely filed charge for each separate incident.  *Brooks*, 2013 WL 12091685 at *4 (citing *Morgan*, 536 U.S. 101).  Likewise, adverse write-ups and suspensions are also considered discrete acts of discrimination.  *Manley v. DeKalb County, Georgia*, 587 Fed.Appx. 507, 512 (11th Cir. 2014).  Consequently, a plaintiff cannot sue for such discrete acts unless each separate act was timely submitted to the appropriate agency.  *See Schober*, 2014 WL 6469881 at *4-5.

Plaintiff failed to file a timely charge of discrimination in this case.  Like the Original Complaint, all of the acts alleged in the Amended Complaint to support Plaintiff's Title VII and FCRA claims—denying her for promotions and transfers, and taking disciplinary action such as

demoting and suspending her [Dkt. 28 ¶¶ 52–69]—constitute discrete acts.[1]  *See Manley*, 587

Fed.Appx. at 512; *Brooks*, 2013 WL 12091685 at *4.  Thus, Plaintiff was required to timely submit

each of these acts to the EEOC/FCHR.  According to Plaintiff's Charge of Discrimination attached

hereto as **Exhibit A** (the "Charge"),[2] the last act of discrimination occurred on April 5, 2018 (a

suspension and/or demotion).  Consequently, Plaintiff was required to file her Charge no later than

January 30, 2019 to preserve her Title VII claims and no later than April 5, 2019 to preserve her

FCRA claims.  However, Plaintiff's Charge was not filed until April 29, 2019[3]—well after both

deadlines had expired.  Consequently, all of Plaintiff's Title VII- and FCRA-based claims are time-

barred.  The Amended Complaint must be dismissed with prejudice accordingly.  *See Schober*, 2014

WL 6469881 at *4-5 (dismissing Title VII claims with prejudice where plaintiff failed to file timely

EEOC charge); *see also Fleming*, 994 F.Supp.2d at 1261 (dismissing complaint with prejudice

where plaintiff failed to exhaust her administrative remedies with the EEOC prior to filing suit);

*Lambert*, 150 Fed.Appx. at 994 (affirming dismissal with prejudice for same reason); *Buade,* 259

---

[1] Further, the United States Supreme Court has made it clear that Plaintiff cannot group these discrete acts together in an effort to argue that they collectively constitute a continuing violation. *Steinberg v. Donahoe*, 2014 WL 1356711, at *7 (S.D. Fla. Apr. 7, 2014) (citing *Morgan*, 536 U.S. at 108–115) (rejecting plaintiff's argument that employer's multiple anti-Semitic comments should be "taken as a whole" to constitute a continuing violation).  Consequently, Plaintiff's allegation that these discrete acts are "not an isolated occasion" [Dkt. 28 ¶ 63] or that they collectively constituted hostile work environment harassment [Dkt. 28 ¶¶ 78, 85, 93, 100] does nothing to change the fact that they are still discrete acts and, consequently, time-barred.  *See Jackson v. Sec'y of Dep't of Veterans Affairs*, 2018 WL 4091988, at *8 (M.D. Fla. 2018) (rejecting plaintiff's argument that multiple sexually explicit emails constituted hostile work environment or a continuing violation); *see also Schober*, 2014 WL 6469881 at *4 ("A plaintiff may not circumvent the limitations period merely by labeling an act a 'continuing' violation.").

[2] The Court may consider the Plaintiff's Charge of Discrimination on a motion to dismiss because the Charge is central to the Plaintiff's case and its authenticity is not challenged.  *E.g. Lambert v. Alabama Dept. of Youth Services*, 150 Fed.Appx. 990, 993–994 (11th Cir. 2005) (considering EEOC charge of discrimination attached to motion to dismiss in affirming dismissal of Title VII claims); *Hodge v. Orlando Utilities Com'n*, 2009 WL 5067758, at *4 (M.D. Fla. Dec. 15, 2009) (same); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding that documents attached to motion to dismiss may be considered if document is central to plaintiff's claim and document's authenticity is not challenged); *Brivik v. Law*, 545 Fed.Appx. 804, 806 (11th Cir. 2013) (holding that where exhibits attached to motion to dismiss contradict conclusory allegations in the complaint, the exhibits govern).

[3] A charge is deemed filed on the date it is stamped received by the agency (the "filing stamp").  *Ridley v. Sears Home Improvement Products, Inc.*, 2009 WL 4349322, at *2, *6 n.10 (M.D. Fla. Nov. 25, 2009); *Francois v. Washmonbo, Inc.*, 2007 WL 1362796, at *2 (S.D. Fla. May 9, 2007); *see also* F.S. § 760.11(1) ("If the date the [charge] is filed is clearly stamped on the face of the [charge], that date is the date of filing.").

So.3d at 223 (same).

### 2. The Intake Questionnaire Does Not Constitute a Charge of Discrimination.

Contrary to Plaintiff's allegation in her Amended Complaint, her unsigned, unverified EEOC intake questionnaire did not constitute a timely filed charge of discrimination.

In general, an intake questionnaire is not intended to function as a charge of discrimination. *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1328 (M.D. Fla. 2013) (citing *Pijnenburg v. W. Georgia Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001)). As such, courts shall "not treat intake questionnaires willy-nilly as charges." *Id.* (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1320 (11th Cir. 2001)). Put differently, an intake questionnaire cannot be deemed to constitute a charge absent "exceptional circumstances." *Shi v. Montgomery*, 679 Fed. Appx. 828, 831 (11th Cir. 2017). Specifically, a questionnaire may only be considered a charge if (1) it was signed by the plaintiff under penalty of perjury ("verified"); (2) it contained the basic information required by a charge under 29 C.F.R. § 1601.12; and (3) the form's language could reasonably have been interpreted to represent a charge. *Jones*, 985 F. Supp. 2d at 1328 (citing *Wilkerson*, 270 F.3d at 1320–21 (11th Cir. 2001)). Additionally, an intake questionnaire cannot constitute a charge where other facts exist indicating that the plaintiff did not intend for the questionnaire to function as a charge, such as where the plaintiff later files an actual charge of discrimination. *Prince v. Dep't of Corr.*, 2017 WL 10023750, at *7 (M.D. Fla. June 27, 2017).

The failure to sign and verify an intake questionnaire is fatal. *E.g. Jones*, 985 F. Supp. 2d at 1329; *see also* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified"). Indeed, the Eleventh Circuit and this Court have consistently held that intake questionnaires do not constitute charges where the questionnaire is not signed and verified. *E.g.*

*Shi v. Montgomery*, 679 Fed. Appx. 828, 833 (11th Cir. 2017) (finding unverified questionnaire did not constitute charge); *Francois v. Miami Dade County, Port of Miami*, 432 Fed. Appx. 819, 822 (11th Cir. 2011) (same); *Pijnenburg v. W. Georgia Health Sys., Inc.*, 255 F.3d 1304 (11th Cir. 2001) (same); *Prince v. Dep't of Corr.*, 2017 WL 10023750, at *4 (M.D. Fla. 2017) (same); *Jones*, 985 F. Supp. 2d at 1329 (same).  Further, an unverified questionnaire cannot be cured by verifying a later charge of discrimination, especially where the questionnaire form is otherwise deficient.  *Pijnenburg*, 255 F.3d at 1308; *Prince*, 2017 WL 10023750, at *5.

Plaintiff's initial EEOC intake questionnaire cannot constitute a timely charge of discrimination in this case.  The questionnaire is attached hereto as **Exhibit B**.[4]  It is not signed or verified.  In fact, it does not even contain any language regarding verification or affirmation. Accordingly, the lack of verification is fatal, and the questionnaire cannot constitute a timely charge of discrimination.  Further, Plaintiff's unverified questionnaire was not cured by filing the later Charge of Discrimination attached as Exhibit A.  Consequently, Plaintiff failed to file a timely charge of discrimination, and Counts II through V of the Amended Complaint must be dismissed with prejudice.  *E.g. Pijnenburg*, 255 F.3d 1304 (affirming dismissal where questionnaire was not verified); *Jones*, 985 F. Supp. 2d at 1329 (dismissing case with prejudice where questionnaire was not verified).

Even if the questionnaire had been signed and verified, it still cannot constitute a charge of discrimination in this case, as the form's language could not reasonably have been interpreted to represent a charge.  First, the online questionnaire form contained the following language in capital letters: "APPROXIMATE DEADLINE FOR FILING A CHARGE," and the form notified the Plaintiff that she had until March 26, 2019 to file a charge.  This indicated that an

---

[4] The Court may consider the intake questionnaire on this motion to dismiss for the reasons discussed in note 2, *supra*.  Additionally, the Court directed Plaintiff to attach such a document to her amended complaint.

actual charge would still need to be filed and that, therefore, the questionnaire form could not have reasonably been interpreted to represent the charge, itself.  Further, in several places, the questionnaire form referred to the Plaintiff in bold, capital letters as the "POTENTIAL CHARGING PARTY."  Again, the use of the word "potential" clearly reflected that an actual charge would need to be filed and that the online questionnaire form was not the charge, itself.  Finally, the EEOC number assigned to the questionnaire was referred to as an EEOC "inquiry" number, not an EEOC "charge" number, further indicating that the questionnaire was not the charge, itself.  For these reasons, the Plaintiff's online intake questionnaire form cannot be considered a timely charge of discrimination in this case.[5]  *See Prince*, 2017 WL 10023750, at *6 (finding questionnaire was not charge where, among other things, EEOC number was referred to as an "inquiry" number and not a "charge" number).

Finally, the fact that the Plaintiff later filed the actual Charge of Discrimination attached as Exhibit A is further evidence that she did not intend for the questionnaire to be her charge.  Indeed, by Plaintiff's own allegation, she "was in constant contact with the EEOC throughout the approximate eight (8) month time period between completing her questionnaire and the Charge of Discrimination actually getting filed," [Dkt. 28 ¶ 18], reflecting that she did not intend for the initial intake questionnaire to be her formal charge.  *See Prince*, 2017 WL 10023750, at *7 (finding questionnaire was not charge where, among other things, plaintiff filed a later, albeit untimely, formal charge).

For all the above reasons, the intake questionnaire cannot constitute a timely charge of discrimination in this case.  As such, Plaintiff failed to file a timely charge of discrimination, and Counts II through V of the Amended Complaint must be dismissed with prejudice.

---

[5] Further, because the Plaintiff's unverified questionnaire could not reasonably have been interpreted to constitute a charge, the lack of verification was not cured by the filing of Plaintiff's actual Charge of Discrimination. *Pijnenburg*, 255 F.3d at 1308; *Prince*, 2017 WL 10023750, at *5.

### 3. *Plaintiff Failed to Include Any Claims of Retaliation in Her Charge of Discrimination.*

Even if Plaintiff's Charge of Discrimination was timely (and it was not), her amended retaliation claims are still precluded, as they were not included in the Charge.

In addition to the foregoing timing requirement, a plaintiff's complaint is limited by the substantive allegations made in her EEOC charge. *Ortiz v. Waste Management Inc. of Florida*, 2019 WL 1755807 at *3 (M.D. Fla. April 19, 2019). Specifically, "in order to exhaust his or her administrative remedies, a plaintiff must include the factual bases for all of his or her Title VII claims in the charge." *E.g. Buade v. Terra Group, LLC*, 259 So.3d 219, 222 (Fla. 3d DCA 2018). For example, because gender discrimination and retaliation are entirely separate causes of action, the plaintiff is required to allege facts in the charge to support each of his or her discrimination *and* retaliation claims. *Id.* Where a plaintiff's charge only contains facts relating to the discrimination claim without specific facts supporting a retaliation claim, dismissal of the claim for retaliation with prejudice is proper. *Id.*

Likewise, even when a plaintiff *has* provided a sufficient factual narrative for either discrimination or retaliation in the charge, the plaintiff is barred from bringing a judicial action based on acts that are not included in the narrative. *Fleming v. The Florida Bar*, 994 F.Supp.2d 1255, 1260 (N.D. Fla. 2014). "Claims in court may 'amplify, clarify or more clearly focus the allegations in the EEOC complaint,' but 'new acts of discrimination are inappropriate.'" *Id.* (*quoting Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)) (holding that plaintiff could not bring a claim on any instance of a failure to promote that was not cited in her charge of discrimination).

Plaintiff failed to allege any facts supporting a retaliation claim in her Charge of Discrimination. Specifically, although the Charge attached as Exhibit A includes a boilerplate

"discrimination statement" stating that the plaintiff believes she was retaliated against in violation of Title VII, the Charge does not contain any facts supporting a claim for retaliation.  This provides an additional basis to dismiss her retaliation claims with prejudice.  *Steinberg*, 2014 WL 1356711, at *7 (denying motion to amend as futile where plaintiff's charge of discrimination did not contain any facts supporting claim of retaliation); *Buade*, 259 So.3d at 222–223 (affirming dismissal with prejudice where plaintiff's charge of discrimination contained facts supporting discrimination claim but no factual narrative supporting a claim of retaliation).

For the reasons discussed above, Counts II through V of the Amended Complaint must be dismissed with prejudice.  Plaintiff's conclusory allegation in her Complaint that she "satisfied all conditions precedent" is directly contradicted by the untimely Charge of Discrimination attached as Exhibit A, which controls.  *See Brivik v. Law*, 545 Fed.Appx. at 806.  As such, dismissal with prejudice of Counts II through V is warranted.

### C.   *The Amended Complaint Fails to State a Claim for Gender Discrimination under Title VII (Count II) and the FCRA (Count IV).*

Even if Plaintiff had exhausted her administrative remedies for her amended discrimination claims, the Amended Complaint fails to plead sufficient facts to state a claim for gender discrimination under Title VII or the FCRA.[6]

To establish a *prima facie* case for discrimination under Title VII or the FCRA, a plaintiff must prove: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated individual outside [her] protected class.  *Veale v. Florida Dept. of Health*, 2013 WL 5703577, *3 (M.D. Fla. July 29, 2013).  "Although a Title VII complaint need not allege facts

---

[6] The FCRA is modeled after Title VII, and decisions construing Title VII are applicable to claims under the FCRA. Accordingly, the analysis for Plaintiff's Title VII claims and FCRA claims are identical. *Veale v. Florida Dept. of Health*, 2013 WL 5703557 n. 2 (M.D. Fla. July 29, 2013).

sufficient to make out a classic *McDonnell Douglas* prima facie case, it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Nurse v. City of Alpharetta*, 775 Fed.Appx. 603, 606 (11th Cir. 2019) (internal quotation omitted).  For example, with regard to the fourth element, mere allegations that a plaintiff is treated differently than similarly situated employees solely because of gender is not sufficient.  *Scribner v. Collier County*, 2011 WL 2746813 at *4 (M.D. Fla. July 14, 2011).  "When comparing her treatment to a non-protected employee under the fourth element, the plaintiff must show that she and the other employee were similarly situated in all relevant respects."  *Arafat v. School Bd. Of Broward County*, 549 Fed.Appx. 872, 874 (11th Cir. 2013) (affirming dismissal with prejudice of discrimination claim where female plaintiff merely "generically referenced younger males").

Like the Original Complaint, Plaintiff's Amended Complaint fails to plead sufficient facts to support a claim for gender discrimination under Title VII or the FCRA.  Specifically, Plaintiff generally alleges that she was denied "essential job promotions and job transfers in favor of men with less seniority and experience."  [Dkt. 28 ¶ 55].  She further vaguely alleges that she was given "harsher, and more frequent reprimands than [her] male counterparts were given for the same conduct." [Dkt. 28 ¶ 58].  Further, she alleges that she was "given a bizarre, five (5) day suspension for a situation that did not warrant such a drastic punishment" [Dkt. 28 ¶ 59] and that she was demoted on or about April 2018.  [Dkt. 28 ¶ 45].  Additionally, Plaintiff generically alleges she "was routinely passed over for positions that she was entitled to under Defendant's policies and procedures yet was denied in favor of males with less experience and less seniority."  [Dkt. 28 ¶ 65].  Finally, Plaintiff groups these conclusory allegations together and attempts to characterize them as collectively constituting hostile work environment harassment.  [Dkt. 28 ¶¶ 78, 93].

Plaintiff's general, conclusory allegations are insufficient.  Plaintiff wholly fails to allege the

specific positions and/or transfers she applied for, when she was rejected for them, or that she was qualified for any of them.  Similarly, she fails to identify what specific reprimands she received, when she received them, or what conduct allegedly warranted them.  In the same way, she fails to provide sufficient detail for the "bizarre" suspension or the demotion.  *See Shah v. Orange Park Medical Center, Inc.*, 2016 WL 4943925 (M.D. Fla. September 16, 2016) (dismissing discrimination claims where complaint contained only general, conclusory allegations regarding the allegedly discriminatory actions); *Veale*, 2013 WL 5703557 at *3 (dismissing discrimination claim where complaint lacked "specific facts to explain how the disparate treatment occurred"); *Steinberg*, 2014 WL 1356711, at *10 (denying motion to amend as futile where plaintiff failed to "specify what types of benefits or job assignments he was purportedly refused").

Additionally, the Amended Complaint's generic reference to unidentified male comparators is insufficient.  *See Arafat*, 549 Fed.Appx. at 874 (affirming dismissal with prejudice of discrimination claim where female plaintiff merely "generically referenced younger males"); *Scribner*, 2011 WL 2746813 at *4 (dismissing discrimination claim where allegations regarding alleged comparator were conclusory); *Steinberg*, 2014 WL 1356711, at *10–11 (denying motion to amend as futile where proposed amended complaint failed to identify any comparators and instead merely alleged that plaintiff was denied benefits "'while other non-Jewish employees were not so denied'").  Accordingly, Counts II and IV of the Amended Complaint should be dismissed.

### D.  The Amended Complaint Fails to State a Claim for Retaliation under Title VII (Count III) and the FCRA (Count V).

Similar to the discrimination claims discussed above, the Amended Complaint is also devoid of sufficient facts to state a claim for retaliation under Title VII or the FCRA.  To state a cause of action for retaliation under Title VII or the FCRA, the plaintiff must allege sufficient facts

to show: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal relationship between the two events. *Jones-Gooch v. Brennan*, 2019 WL 3084725 at *4 (M.D. Fla. April 30, 2019).

Like the Original Complaint, Plaintiff's amended retaliation claims fail to sufficiently allege any specific adverse employment actions that were taken against her. Instead, the Amended Complaint improperly relies on generic, boilerplate, conclusory allegations of retaliation. Specifically, the Amended Complaint alleges that Defendant retaliated against Plaintiff by denying her certain unidentified promotions and transfers, by subjecting her to certain unidentified disciplinary actions (including an unidentified suspension and demotion), and by subjecting her to "harsher scrutiny." [Dkt. 28 ¶¶ 85, 100]. Again, Plaintiff groups these conclusory allegations together and attempts to characterize them as collectively constituting hostile work environment harassment. *Id.* Plaintiff fails to include any facts as to what specific promotions, transfers, and disciplinary actions Plaintiff asserts were motivated by retaliation. *See Jones-Gooch v. Brennan*, 2019 WL 3084725 at *4 (M.D. Fla. April 30, 2019), *report and recommendation adopted*, 2019 WL 3082953 (dismissing retaliation claim where complaint failed to sufficiently allege basic facts such as when plaintiff engaged in the protected activity, when the retaliation occurred, what the retaliation was, and who carried out the retaliation).

Additionally, Plaintiff's Amended Complaint only contains conclusory, speculative allegations that there was a causal relationship between her alleged complaint of discrimination and the alleged adverse employment actions taken against her. Notably, Plaintiff does not allege when she made the complaints or when the supposed adverse employment actions occurred. *See Smith v. Bottling Group*, LLC, 2016 WL 2944070 at *4 (M.D. Fla. May 20, 2016) (dismissing retaliation claim where plaintiff did not allege when he made the complaints to Human Resources).

Importantly, the Amended Complaint wholly fails to allege that the Defendant or those who made the alleged adverse employment decisions knew of Plaintiff's complaint when the adverse actions were taken.  *See Arrington v. Alabama Power Company*, 769 Fed.Appx. 741, 746 (11th Cir. 2019) (dismissing retaliation claim where plaintiff failed to allege that defendant's decision-maker was aware that plaintiff had made a complaint).  For the foregoing reasons, Counts III and V of the Amended Complaint should be dismissed.

### E. Count I Fails to State a Claim for Retaliation under the Florida Private Whistleblower's Act.

Like the Original Complaint, Count I of the proposed Amended Complaint fails to state a claim under the FPWA.  To state a claim for retaliation under the FPWA, the plaintiff must show that: (1) she engaged in statutorily protected expression, (2) she suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity, and (3) there was some causal relation between the events.  *Garcia v. GCA Services Group, Inc.*, 2018 WL 1907651 at 2 (M.D. Fla. April 23, 2018).  In order to plead that the plaintiff engaged in statutorily protected expression, the plaintiff must allege facts to show that she "objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *Id.*

The Amended Complaint fails to plead sufficient facts to support a claim for retaliation under the FPWA.  In the Amended Complaint, Plaintiff alleges that, in accordance with Defendant's protocol, she informed her supervisor and the Defendant's sanitation department that she noticed roaches in one (or more than one—it is not clear) of Defendant's wheat gluten tanks.  [Dkt. 28 ¶¶ 35–39].  By alerting Defendant to the alleged roaches (as Plaintiff alleges was required by Defendant's protocol), Plaintiff alleges that she therefore "opposed and refused to participate in

Defendant's violation of . . . food and safety regulations, thereby engaging in protected activity under the FPWA." [Dkt. 28 ¶ 71]. These allegations are fatally defective.

Significantly, Plaintiff fails to allege how reporting her observation of roaches was not simply part of her job as an alleged General Utility Worker in Defendant's bakery department. In fact, her Amended Complaint unequivocally states that she was simply acting in accordance with Defendant's established protocol by alerting Defendant as to the alleged roaches. This alone requires dismissal. *See Goodwin v. Dyncorp Int'l LLC*, 2015 WL 12672085, at *5 (N.D. Fla. Mar. 30, 2015) (finding that plaintiff did not engage in statutorily protected activity where he took exactly the type of actions that his job required and noting that "disagreement with internal procedures does not equate with 'protected activity'").

Additionally, the Amended Complaint fails to allege how the mere presence of roaches in a wheat gluten tank constitutes a violation of the referenced food and safety regulations. Further, Plaintiff's allegations regarding her alleged reports are vague and generic, as she fails to allege when she reported the roaches to her supervisor, what specific "measures" she allegedly informed her supervisor needed to be taken, what specific "sanitation" was required to rid the gluten tank(s) of the alleged infestation, and what specific "remedial action" Defendant allegedly failed to take in violation of the referenced food and safety regulations.

Moreover, because Count I alleges the same generic adverse employment actions as alleged in her Title VII and FCRA retaliation claims (denying her for unidentified promotions and transfers, and taking disciplinary action) [Dkt. 28 ¶¶ 43–49], these allegations are insufficient for the reasons discussed in those sections above.

Similarly, because the Amended Complaint alleges that Defendant took these adverse employment actions against Plaintiff as retaliation for Plaintiff reporting alleged *gender*

*discrimination*, [Dkt. 28 ¶¶ 85, 100], Plaintiff cannot have it both ways and also allege that she suffered the same adverse employment actions as retaliation for reporting alleged roaches. *See Charest*, 2016 WL 5719588 at 4 (dismissing FPWA claim with prejudice where plaintiffs alleged they were terminated because they refused to engage in sexual acts with their manager, thereby precluding them from claiming the termination was also caused by their alleged whistleblower activity under the FPWA).

For the reasons discussed above, Count I of the Amended Complaint should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the present motion and dismiss the Amended Complaint with prejudice.

SHUMAKER, LOOP & KENDRICK, LLP

By: */s/ Christopher Cavaliere*
    **MICHELE LEO HINTSON, ESQ.**
    Florida Bar No. 604941
    **CHRISTOPHER CAVALIERE, ESQ.**
    Florida Bar No. 85776
    mhintson@shumaker.com
    ccavaliere@shumaker.com
    101 East Kennedy Boulevard, Suite 2800
    Tampa, Florida  33602
    PH:  (813) 229-7600/FAX:  (813) 229-1660
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 3, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*/s/ Christopher Cavaliere*
ATTORNEY

**Precharge language: PERSONAL HARM:** I have been employed by the above-named Respondent since March 2, 2009. I started as a production helper and worked with Derek Hall, Biscuit Manager. During this time, he had denied me a training opportunity and I felt was not allowing me to advance; therefore, I bid for positions outside his section. I worked in sanitation different until November 2014. When I bided in the department as a General Utility worker. Since I was awarded a utility, I feel that I am being picked on, held to different standards and written up for things that other general utility workers are not written up for. This was evident on April 5, 2018, when I was presented a write-up for an issue with a machine that I didn't do *→ Roll* and the male that was operating the machine didn't receive a write-up for. Despite my rebuttal, I was disqualified from the General Utility job. I was suspended for five days and demoted to a Role Line Packaging position at a lower hourly pay rate. In addition, I have bid on other positions in both 2016 and 2017 but I was denied the positions while less senior people have been given the position. I complained to Corporate Human Resources and was told they would investigate but ~~I have not received any follow-up.~~ *Jeremey Jones replied they would go with the decision of HR Crim Lamanu, decision all incidents were completed.*

**RESPONDENT'S REASON:** On April 5, 2018, Derek Hall and Francy Arbonis, HR, presented with a write-up that stated, in summary, on 3/26/2018, and on 4/04/2018, there were incidents while I was running the BL2 and because of the facts outlined above you will be suspended for five days, 4/6/2018 through 4/11/2018, return 4/12/2018. You have been a General Utility on PM and 2 years NO for two and half years and have received several write-ups, six verbal's, five written and two suspensions. At this time, it is in your best interest and in the best interest of the company to remove you from your position as General Utility and to place you on available work. You will have the opportunity to bid on open positions with exception of General Utility and all operator positions within the processing department provided you are within the policy guidelines.

**DISCRIMINATION STATEMENT:** I believe I have been discriminated against due to my Sex (Female) and retaliated against due to my complaints in violation in Title VII of the Civil Rights Act of 1964, as amended.

On April 5, 2018, Derek Hall &absent, Erin Lamia and Francy Arbonis.

Since my demotion/disqualification I haven't been given a promotional opportunity. No resources have been g.available to show change of removal of "satisfactory job performance. This unsatisfactory ~~has~~ performance hasn't give me an equal opportunity when jobs have come available.

No reviews 30-60-90day to show change since disqualification.

**Received**

APR 29 2019

Tampa Field Office

EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 511-2018-03478 |
| **Florida Commission On Human Relations** | | and EEOC |
| *State or local Agency, if any* | | |

in your best interest and in the best interest of the company to remove you from your position as General Utility and to place you on available work. You will have the opportunity to bid on open positions with exception of General Utility and all operator positions within the processing department provided you are within the policy guidelines.

DISCRIMINATION STATEMENT: I believe I have been discriminated against due to my Sex (Female) and retaliated against due to my complaints in violation in Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3/25/2019 — *Stephanie F. Dickens* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date — Charging Party Signature | |


**IMS** *NXG*
Integrated Mission System - Next Generation

›

| **EEOC Number:** 511-2018-03478N | **Charging Party:** Stephanie,Dickens | **FEPA Number:** | **Respondent:** PEPPERIDGE FARMS |

| **INQUIRY INFORMATION** | ALLEGATIONS | CHARGE FINALIZATION |

**REASON(S) FOR CLAIM**

| **Date of Incident (Approximate):** | 05/30/2018 | **Pay Disparity:** |

**Location of Incident:** Florida

**Reason for Complaint:** Age - I am 40 years of age or older,Retaliation - I complained to my empl oyer about job discrimination   *Sex & Gender*

**EEOC (INQUIRY) NUMBER: 511-2018-03478N**

| **Submission (initial inquiry) Date:** | 06/18/2018 | **Claim previously filed as charge with EEOC?** | No |

| **Claim previously filed as complaint with another Agency?** | No |

**INQUIRY OFFICE**

| **Receiving:** | Tampa Field Office | **Accountable:** | Tampa Field Office |

**APPOINTMENT**

| **Appointment Date and time:** | 10/11/2018 01:30 P M US/Eastern | **Interview Type** | In-Person |

## EXHIBIT B

IMS NXG

**XMITED ONLINE FOR FILING A CHARGE**

Integrated Mission System - Next Generation

Earliest Date: 03/26/2019       Latest Date: 03/26/2019

## POTENTIAL CHARGING PARTY

| | | | |
|---|---|---|---|
| **First Name, Middle Initial:** | Stephanie F | **Street or Mailing Address:** | 1568 Big Oaks Drive #204 |
| **Last Name:** | Dickens | **Address Line 2:** | |
| **Year of Birth:** | 1964 | **City, State, Zip:** | LAKELAND, FL 33810 |
| **Home Phone Number:** | (863) 500-9414 | **Email Address:** | sfspeed01@gmail.com |
| **Cell Phone Number:** | (863) 934-5058 | | |

## RESPONDENT

| | | | |
|---|---|---|---|
| **Organization Name:** | PEPPERIDGE FARMS | **Street or Mailing Address:** | 2222 INTERSTATE DRIVE |
| **Type of Employer:** | Business or non-profit organization that I applied to, work for, or worked for | **Address Line 2:** | |
| **Number of Employees:** | 20 or more employees | **City,State,Zip Code:** | LAKELAND, FL 33810 |
| **Phone Number:** | (863) 688-4000 | **County:** | POLK |

## RESPONDENT CONTACT

| | | | |
|---|---|---|---|
| **First and Last Name:** | | **Email Address:** | sfspeed01@gmail.com |
| **Phone Number:** | | | |

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

Street or Mailing
Address:                   1568 Big Oaks Drive        City,State,Zip Code:
                           Integrated Mission System - Next Generation

**Address Line 2:**                              **County:**

## POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:**              F                    **Disabled:**              I do not have a disab
                                                                        ility

**Are you Hispanic or   not hispanic or latino   **National Origin:**   American(U.S.)
Latino?**

**Ethnicity:**          Black or African American,

## ADVERSE ACTION(S)

**Briefly describe what action was taken against you that you believe was discriminatory. Identify the type of action and the date(s) the action occurred.?**

Since I obtain the job bid for general utility in Aug 2014 months later I feel the challenge of maintaining this position was a task. I feel I was targeted to discourage me from maintaining this position. I was assigned to learn harder positions to discourage me, when other of the same position were not required. If there was error I made I would receive a documented write up immediately (suspension) I asked for additional help that HR agreed at the time of discipline to express the care for helping, but never allow me to complete. I maintained a log of actions that involved me on my shift with the supervisor. Recent discipline action that occurred on March 26, during my lunch Avis Oliver break relief was the operator, 30min. when I returned he said nothing of error. Three ours later the shift manager came in question of error lost in packaging for 30min due to light weights was to divider operation in make. My reply was this didn't involve me because I was at lunch. Th

# Supplemental Information

**What Reason(s) were you given for the action taken against you?**

**Was anyone in a similar situation treated the same, better, or worse than you?**

**Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide:**