UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE DICKENS,

    Plaintiff,

v.                                                     Case No. 8:19-cv-2529-T-60AEP

PEPPERIDGE FARM
INCORPORATED,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT'S
DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant's Dispositive Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law," filed on March 3, 2020. (Doc. 31). Plaintiff responded in opposition to the motion on March 17, 2020. (Doc. 32). The Court held a hearing to address this matter on June 24, 2020. (Doc. 39). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

Defendant Pepperidge Farm Incorporated hired Plaintiff Stephanie Dickens in 2009. In November 2014, Defendant promoted her to the role of General Utility

---

[1] The Court accepts the well-pleaded facts in Plaintiff's amended complaint as true for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Worker. According to the allegations in her amended complaint and EEOC documents, Plaintiff was denied promotion and transfer opportunities in 2016 and 2017.

On February 22, 2018, Plaintiff discovered a roach infestation in one of Defendant's wheat gluten tanks. Plaintiff believed Defendant had violated several federal regulations mandating that food processing plants implement certain protections against pest infestation and food contamination.[2] She informed her supervisor, but Defendant took no remedial action. However, on April 5, 2018, Plaintiff was suspended and demoted.

On October 11, 2018, Plaintiff met with the EEOC and completed an intake questionnaire. After the meeting, Plaintiff remained in consistent contact with the EEOC via email. On April 29, 2019, the EEOC received Plaintiff's formal charge of discrimination, and the EEOC issued Plaintiff a right to sue letter on May 1, 2019.

Plaintiff filed her claim in state court on July 29, 2019. Defendant timely removed the case to this Court under 28 U.S.C. § 1331. On February 18, 2020, Plaintiff filed her amended complaint alleging: (1) retaliation under the Florida Private Whistleblower Act ("FWA"); (2) gender discrimination under Title VII; (3) retaliation under Title VII; (4) gender discrimination under the Florida Civil Rights Act ("FCRA"); and (5) retaliation under the FCRA.

---

[2] *See* 21 C.F.R. §§ 117.20, 117.35.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  However, the Court "may consider a document attached to a motion to dismiss … if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).  Further, federal courts regularly take judicial notice of government documents, such as EEOC filings, at the motion to dismiss stage. *See, e.g.*, *Smith v. Atl. Beach*, No. 3:18-cv-1459-J-34MCR, 2020 WL 708145, at *1 (M.D. Fla. Feb. 12, 2020); *Pettiford v. Diversified Enter of S. Ga., Inc.*, No. 7:18-cv-105, 2019 WL 653813, at *2 (M.D. Ga. Feb. 15, 2019); *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013).  Where there is a contradiction between the exhibits and the pleadings, the exhibits govern. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

**Analysis**

Defendant contends the amended complaint should be dismissed because: (1) Plaintiff has not exhausted her administrative remedies under Title VII or the FCRA; and (2) Plaintiff has failed to state a claim as to all counts. The Court examines these arguments as to each count.

*Count I - Retaliation Under the FWA*

Defendant argues that Plaintiff has failed to state a claim for retaliation under the FWA. Under the FWA, "[a]n employer may not take any retaliatory personnel action against any employee because the employee has … [o]bjected to or refused to participate in, any activity, policy, or practice of the employer which is a violation of a law, rule, or regulation." § 448.102(3), *F.S.* To state a claim for retaliation under the FWA, a plaintiff must sufficiently plead that: (1) she objected to or refused to participate in an illegal activity, policy, or practice of the defendant; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally connected to her objection or refusal. *Gleason v. Roche Laboratories, Inc.*, 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010); *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000).

Upon review, the Court finds that Plaintiff has sufficiently pled that (1) she objected to Defendant's allegedly illegal failure to sufficiently follow federal regulations protecting against pest infestations and food contamination;[3] (2) that she was demoted; and (3) that her demotion was casually connected to her objection

---

[3] Florida courts disagree on the scope of statutory protections under the FWA. The Fourth District Court of Appeal requires only that an employee show "a good faith, objectively reasonable basis to

to Defendant's failure to comply with federal regulations.  Consequently, the motion to dismiss is denied as to Count I.

*Counts II-V: Discrimination & Retaliation Under Title VII & the FCRA*

Defendant contends that Counts II-V should be dismissed for several reasons including (1) that the counts are rife with pleading defects and (2) that Plaintiff failed to timely exhaust her administrative remedies before filing her claim.

Pleading Defects

Through her EEOC questionnaire, formal charge, and amended complaint, Plaintiff appears to allege that she was subjected to these unlawful actions by Defendant:

(1) at some point, Plaintiff was denied a training opportunity by her manager;

(2) once Plaintiff became a General Utility Worker, she was picked on and held to a higher standard than her counterparts;

(3) in 2016 and 2017, Plaintiff was denied promotion and transfer opportunities;

(4) on April 5, 2018, Plaintiff was written up for an issue with a machine she was not responsible for, suspended, and demoted; and

(5) at some point after April 5, 2018, Plaintiff was not given a promotional opportunity or performance reviews.

Though Rule 8 does not ask for much, it does require that a plaintiff alleging discrimination or retaliation "include the basic facts" of the claims, including the

---

believe" that her employer was engaged in illegal activity, while "the Second District Court of Appeal limits the FWA's protections to employees who object to actual violations of a law, rule, or regulation." *David v. BayCare Health Sys., Inc.*, No. 8:19-cv-2136-T-60JSS, 2019 WL 6842085, at *2 (M.D. Fla. Dec. 16, 2019) (Barber, J.).  Here, Plaintiff alleges an actual violation of the law, so her amended complaint satisfies Rule 8 under either standard.

pertinent dates of the alleged activity.  *See, e.g.*, *Laster v. Dollar Gen. Corp.*, No. 8:12-cv-2685-T-17MAP, 2013 WL 2147556, at *3, *4 (M.D. Fla. May 16, 2013). Plaintiff's only allegations that include any dates are: (1) the denial of promotion and transfer opportunities in 2016 and 2017, and (2) the disciplinary action, suspension, and demotion on April 5, 2018.  To the extent that Plaintiff intends to seek relief for any other actions, her amended complaint – even when viewed in consideration of the other facts included in her EEOC documents – fails to satisfy Rule 8.  As such, Counts II-V are due to be dismissed without prejudice.

Exhaustion Requirement

As a prerequisite to bringing claims under Title VII and the FCRA, a plaintiff must timely file a charge of discrimination.  *See* 42 U.S.C. § 2000e-5; § 760.11, *F.S.* "In Florida, a deferral state, Title VII requires charges of discrimination be filed with the EEOC within 300 days of the discriminatory act.  The FCRA requires the filing of a charge of discrimination with a state commission or the EEOC within 365 days of the alleged discrimination." *Pedrioli v. Barry Univ., Inc.*, No. 6:17-cv-00577-Orl-40GJK, 2018 WL 538743, at *2 (M.D. Fla. Jan. 24, 2018) (internal citations omitted).

The most recent well-pleaded incident in the amended complaint occurred on April 5, 2018.  Under Title VII and the FCRA, Plaintiff "can only file a charge to cover discrete acts that occurred within the appropriate time period." *See Nat l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).  However, Plaintiff alleges that Defendant's conduct constitutes a continuing violation. Upon review, the Court finds that Plaintiff's allegations describe conduct that the Supreme Court has

clearly defined as discrete acts. *See id.* Accordingly, Plaintiff had to file a charge of discrimination by January 30, 2019, to preserve her Title VII claims, and by April 5, 2019, to preserve her FCRA claims.[4]

The EEOC did not receive Plaintiff's formal charge until April 29, 2019, which is beyond the deadline for Plaintiff to bring her charges under either Title VII or the FCRA. For this reason, Plaintiff asks the Court to consider the October 11, 2018, questionnaire as a charge for limitations purposes.

An intake questionnaire may not normally constitute a charge, but a court may construe a questionnaire as a charge where it: "(1) was verified; (2) contained the basic information required by a charge under 29 C.F.R. § 1601.12; and (3) the form's language could reasonably have been interpreted to represent a charge." *Jones*, 985 F. Supp. 2d at 1327-28 (quoting *Wilkerson*, 270 F.3d at 1320-21); *see also E.E.O.C. v. Summer Classics, Inc.*, 471 F. App'x 868, 871 (11th Cir. 2012) (quoting *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). To read a document as a charge, an objectively reasonable reader must be able to construe it as an attempt to "activate the machinery and remedial processes of the EEOC." *Summer Classics*, 471 F. App'x at 871 (quoting *Holowecki*, 552 U.S. at 402). Such as reading is only possible where the language includes "a request for the agency to take remedial action ... or settle a dispute between the employer and the employee." *Id.*

---

[4] In some cases, a court may apply equitable tolling, but doing so is "an extraordinary remedy that should be extended only sparingly and is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence." *Brooks v. CSX Transp., Inc.*, 555 F. App'x 878, 880-81 (11th Cir. 2014) (quoting *Bost v. Fed. Exp. Corp.*, 372 F.3d 1233, 1241 (11th Cir. 2004)) (internal quotations omitted). Plaintiff does not argue that she should be entitled to equitable tolling and thus the Court does not consider such relief at this time.

For example, in *Fatz*, the plaintiff's questionnaire met this standard where her questionnaire included: (1) a fax cover page that stated "[p]lease file immediately;" and (2) a checkmark next to a box stating "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above." *Fatz v. Winn-Dixie Stores, Inc.*, No. 6:12-cv-1668-Orl-36DAB, 2013 WL 4080330, at *8-9 (M.D. Fla. Aug. 13, 2013).

Here, Plaintiff's questionnaire cannot be read to request that the EEOC prepare a charge. In fact, nothing in the questionnaire can be read as a request for any action by the EEOC. The questionnaire itself calls Plaintiff the "Potential Charging Party," Plaintiff did not add anything to the questionnaire which could be construed as a request by her to treat the questionnaire as a charge, and Plaintiff later filed a charge of discrimination. *See, e.g.*, *Bost v. Fed. Exp. Corp.*, 372 F.3d 1233, 1241 (11th Cir. 2004). Further, no evidence or well-pleaded fact suggests that there were any misleading communications between Plaintiff and the EEOC that led her to believe she had satisfied her minimum responsibilities under the law. *Id.* As a result, Plaintiff's questionnaire cannot be treated as a charge, and the Court must instead rely on the formal charge filed on April 29, 2019, which is beyond the deadline under both Title VII and the FCRA.

However, the Court dismisses Counts II-V without prejudice, with leave to amend. If Plaintiff intends to file an amended complaint, she must attach any document which she relies upon to show that she has satisfied the exhaustion requirement or, alternatively, that she is entitled to equitable tolling.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Dispositive Motion to Dismiss Plaintiff's First Amended Complaint and Incorporated Memorandum of Law" (Doc. 31) is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that it seeks dismissal of Counts II-V, which are **DISMISSED WITHOUT PREJUDICE**.

3. The motion is otherwise **DENIED**.

4. Plaintiff may file an amended complaint on or before August 6, 2020. Failure to file an amended complaint by the deadline will result in this Order becoming a final judgment as to Counts II-V. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of July, 2020.

*[signature]*

    **TOM BARBER**
    **UNITED STATES DISTRICT JUDGE**