# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHANIE DICKENS,

        Plaintiff,

v.                                        Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Pepperidge Farm Incorporated ("Defendant"), by and through its undersigned counsel, hereby responds to Count 1 of Plaintiff, Stephanie Dickens ("Plaintiff")'s First Amended Complaint filed February 18, 2020 as follows:

## JURISDICTION AND VENUE

1.      Defendant admits that Plaintiff purports to assert an action arising under the Florida Private Whistleblower's Act ("FPWA"), Florida Statute Section 448.102, for jurisdictional purposes only. Pursuant to the Court's July 23, 2020 Order Granting in Part and Denying in Part Defendant's Dispositive Motion to Dismiss Plaintiff's First Amended Complaint (the "July 23, 2020 Order"), Counts II through V of the First Amended Complaint have been dismissed. Accordingly, Defendant is not required to respond to the remaining allegations of Paragraph 1 of the First Amended Complaint. To the extent a response is required, all such allegations are denied.

2.     Defendant admits the allegations made in Paragraph 2 of the First Amended Complaint for purposes of venue only.  The remaining allegations of Paragraph 2 of the First Amended Complaint are denied.

## PARTIES

3.     Defendant admits the allegations made in Paragraph 3 of the First Amended Complaint.

4.     Defendant admits that it is a corporation, that it is incorporated in Connecticut, and that its principal place of business is located in Connecticut.  Defendant also admits that it operates a manufacturing plant in Lakeland, Florida.  The remaining allegations of Paragraph 4 of the First Amended Complaint are admitted for jurisdictional purposes only.

## GENERAL ALLEGATIONS

5.     Defendant denies the allegations made in Paragraph 5 of the First Amended Complaint.

6.     Defendant is without knowledge as to the allegations made in Paragraph 6 of the First Amended Complaint; therefore, they are denied.

7.     Defendant admits that Plaintiff has requested a jury trial for all issues so triable. To the extent Plaintiff is not legally entitled to a jury trial on any issues in this case, Defendant denies Plaintiff's entitlement to the same.

8.     Defendant admits that Plaintiff was hired by Defendant on March 2, 2009 and remains employed by Defendant as of the date of this Answer and Affirmative Defenses. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA have been dismissed.  Accordingly, Defendant is not required to respond to the remaining

allegations of Paragraph 8 of the First Amended Complaint. To the extent a response is required, all such allegations are denied.

9. Defendant admits the allegations made in the first sentence of Paragraph 9 of the First Amended Complaint. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the remaining allegations of Paragraph 9 of the First Amended Complaint. To the extent a response is required, all such allegations are denied.

10. Defendant admits that Plaintiff was hired by Defendant on March 2, 2009 and remains employed by Defendant as of the date of this Answer and Affirmative Defenses. The remaining allegations made in Paragraph 10 of the First Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

11. Defendant admits that Plaintiff was employed by Defendant on March 2, 2009 and remains employed by Defendant as of the date of this Answer and Affirmative Defenses. The remaining allegations made in Paragraph 11 of the First Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

**FACTUAL ALLEGATIONS REGARDING THE**
**TIMELINESS OF PLAINTIFF'S CHARGE OF DISCRIMINATION**

12. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 12 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that

Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

13.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 13 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

14.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 14 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

15.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 15 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

16.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 16 of the First

Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

17. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 17 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

18. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 18 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

19. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 19 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

20. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed.

Accordingly, Defendant is not required to respond to the allegations of Paragraph 20 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

21.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 21 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

22.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 22 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

23.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 23 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

24.    Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 24 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

25.    Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 25 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II through V of the First Amended Complaint.

## FACTUAL ALLEGATIONS

26.    Defendant admits the allegations made in the first sentence of Paragraph 26 of the First Amended Complaint.  With respect to the second sentence of Paragraph 26 of the First Amended Complaint, Defendant admits that Plaintiff began the position of General Utility Worker in February of 2016 and that she was offered the position of Production Helper in April of 2018 in lieu of termination after Plaintiff received multiple disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker.  Plaintiff occupied the role of Production Helper from May 15, 2018 until August 25, 2019 when she bid into the position of Roll Panner, which she continues to occupy as of the date of this Answer and Affirmative Defenses.  The remaining allegations of Paragraph 26 of the First Amended Complaint are denied.

27.     Defendant denies the allegations made in Paragraph 27 of the First Amended Complaint.

28.     Defendant denies the allegations made in Paragraph 28 of the First Amended Complaint.

29.     The allegations made in Paragraph 29 of the First Amended Complaint fail to specify the particular actions that were allegedly taken by Defendant and/or its agents, servants, and employees.  Accordingly, Defendant is unable to either admit or deny the allegations made in Paragraph 29 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations of wrongdoing.

30.     The allegations made in Paragraph 30 of the First Amended Complaint purport to state a legal conclusion; therefore, no response is required.  To the extent a response is required, the allegations are denied.

31.     The allegations made in Paragraph 31 of the First Amended Complaint purport to restate the requirements of the law; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

32.     The allegations made in Paragraph 32 of the First Amended Complaint purport to restate the requirements of the law; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

33.     The allegations made in Paragraph 33 of the First Amended Complaint purport to restate the requirements of the law; therefore, no response is required.  To the extent a response

is required, the allegations are denied to the extent they differ from the actual requirements of the law.

34.     Defendant denies the allegations made in Paragraph 34 of the First Amended Complaint.

35.     Defendant denies the allegations made in Paragraph 35 of the First Amended Complaint.

36.     Defendant denies the allegations made in Paragraph 36 of the First Amended Complaint.

37.     Defendant denies the allegations made in Paragraph 37 of the First Amended Complaint.

38.     The allegations made in Paragraph 38 of the First Amended Complaint purport to restate the requirements of the law; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

39.     Defendant denies the allegations made in Paragraph 39 of the First Amended Complaint.

40.     Defendant denies the allegations made in Paragraph 40 of the First Amended Complaint.

41.     The allegations made in Paragraph 41 of the First Amended Complaint purport to state a legal conclusion; therefore, no response is required.  To the extent a response is required, the allegations are denied.

42.     Defendant denies the allegations made in Paragraph 42 of the First Amended Complaint.

43.     Defendant denies the allegations made in Paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations made in Paragraph 44 of the First Amended Complaint.

45.     Defendant admits that Plaintiff was offered the position of Production Helper in April of 2018 in lieu of termination after Plaintiff received multiple disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker.  The remaining allegations of Paragraph 45 of the First Amended Complaint are denied.

46.     Defendant denies the allegations made in Paragraph 46 of the First Amended Complaint.

47.     Defendant denies the allegations made in the first sentence of Paragraph 47 of the First Amended Complaint.  Defendant is without knowledge as to the allegations made in the second sentence of Paragraph 47 of the First Amended Complaint; therefore, they are denied.

48.     Defendant admits that a General Utility Worker must satisfactorily perform any position in the bakery department at any given time.  The remaining allegations of Paragraph 48 of the First Amended Complaint are denied.

49.     Defendant admits that Plaintiff was offered the position of Production Helper in April of 2018 in lieu of termination after Plaintiff received multiple disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker.  The remaining allegations of Paragraph 49 of the First Amended Complaint are denied.

50.     Defendant denies the allegations made in Paragraph 50 of the First Amended Complaint.

51.     Defendant denies the allegations made in Paragraph 51 of the First Amended Complaint.

52.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 52 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

53.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 53 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

54.     Defendant denies the allegations made in Paragraph 54 of the First Amended Complaint.

55.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 55 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

56.     Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 56 of the First

Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

57. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 57 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

58. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 58 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

59. The allegations made in Paragraph 59 of the First Amended Complaint fail to specify the date of the alleged suspension. Accordingly, Defendant is unable to either admit or deny the allegations made in Paragraph 59 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FPWA.

60. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 60 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

61. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed.

Accordingly, Defendant is not required to respond to the allegations of Paragraph 61 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

62. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 62 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

63. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 63 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

64. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 64 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

65. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 65 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

66. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 66 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

67. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 67 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

68. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 68 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

69. Pursuant to the Court's July 23, 2020 Order, Plaintiff's claims arising under Title VII and the FCRA (Counts II through V of the First Amended Complaint) have been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 69 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII or the FCRA.

## COUNT I – RETALIATION UNDER THE FPWA

70. Defendant realleges its responses to Paragraphs 1 through 69 as if fully restated herein.

71.     Defendant denies the allegations made in Paragraph 71 of the First Amended Complaint.

72.     Defendant denies the allegations made in Paragraph 72 of the First Amended Complaint.

73.     Defendant denies the allegations made in Paragraph 73 of the First Amended Complaint.

## COUNT II – TITLE VII VIOLATION
### (GENDER DISCRIMINATION)

74.     Defendant realleges its responses to Paragraphs 1 through 69 as if fully restated herein.

75.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 75 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

76.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 76 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

77.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 77 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

78.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the

allegations of Paragraph 78 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

79.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 79 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

80.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 80 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

81.     Pursuant to the Court's July 23, 2020 Order, Count II of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 81 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

## COUNT III –TITLE VII RETALIATION

82.     Defendant realleges its responses to Paragraphs 1 through 69 as if fully restated herein.

83.     Pursuant to the Court's July 23, 2020 Order, Count III of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 83 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

84.     Pursuant to the Court's July 23, 2020 Order, Count III of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the

allegations of Paragraph 84 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

85.     Pursuant to the Court's July 23, 2020 Order, Count III of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 85 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

86.     Pursuant to the Court's July 23, 2020 Order, Count III of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 86 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

87.     Pursuant to the Court's July 23, 2020 Order, Count III of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 87 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

88.     Pursuant to the Court's July 23, 2020 Order, Count III of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 88 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated Title VII.

## COUNT IV – FCRA VIOLATION
### (GENER DISCRIMINATION)

89.     Defendant realleges its responses to Paragraphs 1 through 69 as if fully restated herein.

90.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the

allegations of Paragraph 90 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

91.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 91 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

92.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 92 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

93.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 93 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

94.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 94 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

95.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 95 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

96.     Pursuant to the Court's July 23, 2020 Order, Count IV of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 96 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

## COUNT V – FCRA RETALIATION

97.     Defendant realleges its responses to Paragraphs 1 through 69 as if fully restated herein.

98.     Pursuant to the Court's July 23, 2020 Order, Count V of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 98 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

99.     Pursuant to the Court's July 23, 2020 Order, Count V of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 99 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

100.    Pursuant to the Court's July 23, 2020 Order, Count V of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 100 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

101.    Pursuant to the Court's July 23, 2020 Order, Count V of the First Amended Complaint has been dismissed.  Accordingly, Defendant is not required to respond to the allegations of Paragraph 101 of the First Amended Complaint.  To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

102. Pursuant to the Court's July 23, 2020 Order, Count V of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 102 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

103. Pursuant to the Court's July 23, 2020 Order, Count V of the First Amended Complaint has been dismissed. Accordingly, Defendant is not required to respond to the allegations of Paragraph 103 of the First Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations that it violated the FCRA.

104. Defendant denies each and every allegation made in the First Amended Complaint not specifically admitted in this Answer.

105. Defendant has retained the law firm of Shumaker, Loop & Kendrick, LLP and is obligated to pay it reasonable attorneys' fees, costs, and expenses for which Plaintiff may be liable under applicable law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The alleged activity, policy, or practice of Defendant that Plaintiff alleges to have objected to or refused to participate in did not constitute an actual violation of any law, rule, or regulation.

### Second Affirmative Defense

Plaintiff failed to notify Defendant about any illegal activity, policy, or practice.

### *Third Affirmative Defense*

Plaintiff did not sufficiently identify or communicate to Defendant a violation of law, rule, or regulation to allow Defendant to infer that Plaintiff was objecting to or refusing to participate in a violation of law, rule, or regulation.

### *Fourth Affirmative Defense*

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant with respect to the violations alleged by Plaintiff.

### *Fifth Affirmative Defense*

Plaintiff's alleged protected activity was mere performance of a job requirement and did not constitute an objection to or refusal to participate in a violation of law, rule, or regulation.

### *Sixth Affirmative Defense*

Any employment actions taken with respect to Plaintiff were made based upon legitimate, non-discriminatory, non-retaliatory reasons unrelated to Plaintiff's alleged engagement in any protected activity.

### *Seventh Affirmative Defense*

Even if there was any unlawful motivation for any action taken by Defendant against Plaintiff, which Defendant denies, the same employment decision would have been reached even absent retaliatory motive.

### *Eighth Affirmative Defense*

The individuals who allegedly made the decision to take adverse employment action against Plaintiff were not actually aware of Plaintiff's alleged protected activity.

### Ninth Affirmative Defense

Plaintiff's damages are limited, in whole or in part, to the extent Plaintiff engaged in conduct that would have resulted in the same adverse employment actions if known at the time.

### Tenth Affirmative Defense

To the extent Plaintiff claims entitlement to punitive damages, punitive damages are not available under the Florida Whistleblower Act.

### Reservation of Rights

Defendant reserves the right to assert such other affirmative defenses as may become available or apparent during discovery or other proceedings in this action.

### Prayer for Attorneys' Fees

Defendant retained the undersigned firm to represent it in this action and is obligated to pay the undersigned a reasonable fee for its services. Thus, pursuant to Section 448.104, Florida Statutes, Defendant should be awarded, in the Court's discretion, its attorneys' fees and costs if it prevails against Plaintiff's claims in Count I of the First Amended Complaint.

**WHEREFORE,** Defendant, Pepperidge Farm Incorporated respectfully requests that the Court dismiss Plaintiff, Stephanie Dickens's First Amended Complaint with prejudice, award Defendant its reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.104, and grant Defendant all other relief as this Court may find appropriate.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ Chris Cavaliere

**MICHELE LEO HINTSON, ESQ.**
Florida Bar No. 604941
**CHRISTOPHER CAVALIERE, ESQ.**
Florida Bar No. 85776
mhintson@shumaker.com
ccavaliere@shumaker.com
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida 33602
PH: (813) 229-7600/FAX: (813) 229-1660
*Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on August 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*/s/ Christopher Cavaliere*
ATTORNEY
