**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEPHANIE DICKENS,

        Plaintiff,

v.                                    Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant, PEPPERIDGE FARM INCORPORATED ("Defendant" or "Pepperidge Farm"), by and through its undersigned counsel pursuant to Fed. R. Civ. Pro. 37, respectfully moves the Court to compel Plaintiff, STEPHANIE DICKENS ("Ms. Dickens" or "Plaintiff") to provide responses to Defendant's First Request for Production and First Set of Interrogatories upon the Plaintiff, and in support thereof, Defendant states as follows:

**Procedural Background**

1.      On August 6, 2020, Defendant served upon Plaintiff its First Request for Production of Documents (the "Document Requests") and First Set of Interrogatories (the "Interrogatories"). A true and correct copy of the Document Requests and the Interrogatories are attached hereto as **Exhibit A** and **Exhibit B**, respectively (collectively the "Discovery Requests"). As such, Plaintiff's response to the Document Requests and Interrogatories were due on or before September 7, 2020.

2.      On September 10, 2020, after having received no response to the Discovery Requests, the undersigned firm contacted counsel for Dickens by email advising of the lack of

responses, reminding counsel for Dickens about the waiver of Plaintiff's objections to discovery as the responses were not timely filed, and requesting a telephone conference to meet and confer regarding the outstanding discovery.

3.      The parties scheduled a call for Monday, September 14, 2020 at 10:00 a.m. to discuss the outstanding Discovery Requests, and a calendar invitation was sent to and accepted by counsel for the Plaintiff with specific call-in information for the conference.

4.      Despite counsel for the Defendant appearing at the telephone conference, counsel for the Plaintiff failed to appear on the phone call and did not answer a follow up call.

5.      As a result, counsel for the Defendant emailed Plaintiff's counsel on September 14, 2020, requesting that Defendant receive documents responsive to the Document Requests and answers to the Interrogatories on or before September 25, 2020, further advising that Defendant was moving forward to schedule Plaintiff's deposition to occur on October 29, 2020, after failing to receive dates for such deposition despite several requests for the same from Plaintiff.

6.      After not receiving any communications from Plaintiff's counsel, Defendant's counsel again emailed Plaintiff's counsel for an update from the prior email of September 14, 2020, requesting a status update on the interrogatory answers and responses to the Discovery Requests.

7.      In response, counsel for the Plaintiff advised by email that "I can get it to you by Monday," presumably September 28, 2020.

8.      Thereafter, on September 28, 2020, counsel for the Plaintiff contacted Defendant's counsel requesting an additional extension of time through Thursday, October 1,

2020, to provide responsive documents and interrogatories to the outstanding Discovery Requests.

9.     However, despite the multitude of extensions requested and received by Plaintiff, Plaintiff has failed as of the filing of this Motion to serve any responses, or provide any responsive documents to the Discovery Requests.

10.     Defendant retained the law firm of Shumaker, Loop & Kendrick, LLP, and is obligated to pay a reasonable attorneys' fee for its services in obtaining the requested discovery.

### *Defendant's Document Requests*

Plaintiff wholly failed to provide any responses or documents responsive to Defendant's Document Requests.  In addition to being attached hereto as **Exhibit A**, the Requests are set forth in full as follows pursuant to Local Rule 3.04(a):

**Request No. 1:**  All contracts and other written agreements between you and Defendant.

**Request No. 2:**  All documents relating to your work schedules/shifts with Defendant.

**Request No. 3:**  All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, between you and any employee or agent of Defendant.

**Request No. 4:**  All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, between you and any third party (excluding your attorneys) relating to your employment with Defendant.

**Request No. 5:**  Facebook posts, tweets, or other writings, relating to all activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

**Request No. 6:**  All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, relating to your objection to and/or refusal to participate in any activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

**Request No. 7:**  All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, relating to the retaliation you allege in Count I of your First Amended Complaint.

**Request No. 8:**  All signed or unsigned affidavits, affirmations, declarations, or statements of any person relating to or concerning any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint.

**Request No. 9:**  All documents submitted by you or any third party to any employee or agent of Defendant relating to your objection to and/or refusal to participate in any activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

**Request No. 10:**  All documents received from any employee or agent of Defendant relating to your objection to and/or refusal to participate in any activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

**Request No. 11:**  All documents submitted by you or any third party to any employee or agent of Defendant relating to the retaliation you allege in Count I of your First Amended Complaint.

**Request No. 12:**  All documents received from any employee or agent of Defendant relating to the retaliation you allege in Count I of your First Amended Complaint.

**Request No. 13:**  All Facebook, Twitter, or other social media posts, messages, pictures, and replies by you from January 1, 2017 through present relating to Defendant, your employment, your co-workers, and/or any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint.

**Request No. 14:**  All personal diaries, calendars, notes, memos, audio recordings, writings, computer files or any other documents created or kept by you relating to Defendant, your employment, your co-workers, and/or any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint.

**Request No. 15:**  All documents and communications relating to your hiring, employment, and/or performance at Defendant.

**Request No. 16:**  All documents and communications relating to any warnings or discipline you received from Defendant.

**Request No. 17:**  Any employee handbooks that you received from Defendant or that are otherwise in your possession.

**Request No. 18:**  All written policies or procedures that you received from Defendant or that are otherwise in your possession.

**Request No. 19:**  All documents and communications relating to your claims for damages.

**Request No. 20:**  Your income tax returns for the years 2017 through present.

**Request No. 21:**  All contracts, agreements, offer letters, paychecks, and schedules of employee benefits received by you from Defendant.

**Request No. 22:**  All photographs or video recordings of Defendant's premises.

**Request No. 23:**  All documents identified in your Rule 26 Initial Disclosures.

**Request No. 24:**  All documents identified in your answers to Defendant's First Set of Interrogatories to Plaintiff.

**Request No. 25:**  All documents reviewed, referred to or relied upon in preparing your First Amended Complaint or your answers to Defendant's First Set of Interrogatories.

**Request No. 26:**  All documents that you intend to introduce or rely upon as evidence at the trial of this action and not produced pursuant to any of the foregoing requests.

### *Defendant's Interrogatories*

Moreover, Plaintiff wholly failed to provide any answers to the Interrogatories.   In addition to being attached hereto as **Exhibit B**, the Interrogatories are set forth in full as follows pursuant to Local Rule 3.04(a):

**Interrogatory No. 1:**  Please identify the name, address, and telephone number of every person you believe has or may have knowledge concerning any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint, and describe in detail the knowledge each person is believed to possess.

**Interrogatory No. 2:**  With respect to Count I of your First Amended Complaint, please identify the following for each activity, policy, or practice of Defendant that you allege violated a law, rule, or regulation:

(a)     The particular activity, policy, or practice of Defendant that you allege violated a law, rule, or regulation, including the identity of the individual(s) with knowledge of the activity, policy, or practice and any documents relating to the activity, policy, or practice;

(b)     The specific law, rule, or regulation that was violated by the activity, policy, or practice;

(c)     Whether you objected to or refused to participate in the activity, policy, or practice;

(d)    How you objected to or refused to participate in the activity, policy, or practice, including the date you objected or refused to participate, the individual(s) to whom you objected or with whom you refused to participate, the issues or conduct to which you objected or in which you refused to participate, any witnesses with knowledge of your objection or refusal, and any documents relating to your objection or refusal.

**Interrogatory No. 3:**  With respect to Count I of your First Amended Complaint, please identify the following for each incident of retaliation that you allege:

(a)    the retaliatory action to which you were allegedly subjected;
(b)    the date of the alleged retaliatory action;
(c)    the individual who allegedly perpetrated the retaliatory action;
(d)    all witnesses to the retaliatory action; and
(e)    any documents relating to the retaliatory action.

**Interrogatory No. 4:**  With respect to Count I of your First Amended Complaint, please identify and itemize all damages for which you seek monetary recovery in this action, specifying separately the nature of the damages, the amount of the damages, how you calculated the amount of the damages, all individuals with knowledge of the damages suffered, the knowledge each individual possesses, and all documents which relate or refer, in whole or in part, to the damages suffered.

**Interrogatory No. 5:**  Please identify the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for your mental anguish as alleged in your Amended Rule 26(A)(1) Disclosures, and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**Interrogatory No. 6:**  Please identify the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years, and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**Interrogatory No. 7:**  Have you previously made a complaint or filed a claim charging a violation of a law, rule, or regulation by a former employer, or retaliation by a former employer, or at a previous place of employment, other than the claim at issue in this litigation?  If so, state the date of such claim, the name and business address of the employer or other entity to whom you made such claim, as well as the name, address and telephone number of those individuals having knowledge of such claim, and the outcome of such claim.

**Interrogatory No. 8:**  Have you ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter?  If so, please state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**Interrogatory No. 9:**  Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

**Interrogatory No. 10:**  Please identify all documents you reviewed, relied upon, or referred to in preparing your answers to these Interrogatories and in preparing your First Amended Complaint.

## MEMORANDUM OF LAW

A party seeking discovery may move for an order compelling a response or production if the opposing party fails to answer an interrogatory, fails to respond to a request for production, or fails to produce documents in response to a request for production.  Fed. R. Civ. P. 37(a)(3)(B).  When a party fails to timely object to a request for production, the objections are deemed waived unless the court finds good cause for the untimely response.  *Bell v. Mallin*, 2018 WL 3067845 (M.D. Fla. June 21, 2018).  *See also* Middle District Discovery (2015) at III.A.6 ("Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.").

As of the date of this Motion, Plaintiff failed to serve any objection or response to Defendants' Document Requests or Interrogatories.  Accordingly, Plaintiff waived any and all potential objections to Defendant's Discovery Requests (other than privilege).

Pursuant to Fed. R. Civ. P. 37(a)(5), Defendant requests this Court order requiring Plaintiff to pay the attorneys' fees and costs incurred by Defendant in having to bring this Motion.  While fees and costs are not available to the movant if the opposing party shows that the nondisclosure, response, or objection was substantially justified, conduct is only substantially justified if it is a response to a "genuine dispute, or if reasonable people could differ as to the

appropriateness of the contested action." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Not only did Plaintiff wholly fail to provide timely responses or objections to the Discovery Requests whatsoever, but Plaintiff further failed to provide any such responses after being granted numerous good faith extensions by the Defendant.  Moreover, Defendant needs Plaintiff's responses to the Discovery Requests in order to have sufficient time to prepare for Plaintiff's deposition, which is currently scheduled for October 29, 2020.

Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 3.01(g), and as otherwise set forth *infra*, the undersigned counsel certifies both counsel attempted to confer in good faith with counsel for Plaintiff on numerous occassions in an effort to obtain the requested discovery without judicial intervention, and Plaintiff has continued to fail to provide responses to the Discovery Requests.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order:

A.      Granting this Motion;

B.      Compelling Plaintiff to respond to the Request and produce the requested documents no later than October 15, 2020;

C.      Awarding Defendant its reasonable expenses, including attorneys' fees and costs incurred in obtaining said Order; and

D.      Providing such other and related relief as the Court may deem appropriate.

*Local Rule 3.01(g) Certification*

I hereby certify that I have conferred with counsel for Defendant, and that counsel do not agree on the resolution of this Motion.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Christopher Cavaliere*
**MICHELE LEO HINTSON, ESQ.**
Florida Bar No. 604941
**CHRISTOPHER CAVALIERE, ESQ.**
Florida Bar No. 85776
mhintson@shumaker.com
ccavaliere@shumaker.com
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida  33602
PH:  (813) 229-7600
FAX:  (813) 229-1660
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

*/s/ Christopher Cavaliere*
ATTORNEY

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEPHANIE DICKENS,

        Plaintiff,

v.                                      Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    Defendant, Pepperidge Farm Incorporated, by and through its undersigned attorneys, and pursuant to Rule 34, Federal Rules of Civil Procedure, request that Plaintiff, Stephanie Dickens, produce and make available for inspection and copying the following items and documents at the offices of Shumaker, Loop & Kendrick, LLP, 101 East Kennedy Boulevard, Suite 2800, Tampa, Florida 33602, and that Plaintiff serve a written response to this Request for Production within thirty (30) days of the date of service hereof.

## DEFINITIONS

    1.      "You," "your," "Dickens" or "Plaintiff" shall refer to the Plaintiff, Stephanie Dickens.

    2.      "Defendant" or "Pepperidge Farm" shall refer to the Defendant, Pepperidge Farm Incorporated, its affiliates, predecessors, successors, parent or subsidiary entities, whether foreign or domestic, and any person at any time acting or purporting to act on its behalf, including its present or former attorneys, accountants, shareholders, agents, officers and employees.

    3.      "Document" means any writing including, but not limited to, any written or graphic matter or other means of preserving thought or expression, all tangible things from which

EXHIBIT A

information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins or other communications, diaries, chronological data, minutes, books, reports, charges, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), photographs, charges, graphs, microfiches, microfilm, videotape, recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and electronically stored information).

4.      "Communication"  means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, conferences, meetings, consultations, agreements, understandings, and exchanges of information between or among two or more people.

5.      The term "person" means any natural person, firm, associates, partnership, corporation, government, governmental agency or body, or other forms of legal business entities of whatever kind.

6.      The term "all documents" shall mean every document or group of documents as above defined known to you, and every such document or communication which can be located or discovered by reasonable diligent efforts.

7.      The words "relating to" mean concerning, respecting, referring to, summarizing. digesting, embodying, reflecting, establishing, intending to establish, intending not to establish,

evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

8.     A masculine, feminine, or neuter pronoun includes either gender.

9.     The term "each" shall mean any and all.

10.     The term "or" shall mean and/or.

## **INSTRUCTIONS**

1.     Produce all documents described in the following categories which are in Plaintiff's possession, custody or control as required by the Federal Rules of Civil Procedure.

2.     If you at any time had possession, custody, or control of a document called for under this request and if such document is no longer in your possession, custody, or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody, or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody, or control.

3.     If you assert that any document called for by this request is protected against disclosure as a "work product" or by privilege of any kind whatsoever, you shall provide the following information with respect to such document:

(a)     The names and capacity of the person or persons who prepared the document;

(b)     The name and capacity of all addressees or recipients of the original or copies thereof;

(c)     The date; if any, borne by the document;

(d)     A brief description of its subject matter and physical size;

(e)     The source of the factual information from which such document was prepared; and

(f)     The nature of the privilege claimed.

4.     All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

## **DOCUMENTS TO BE PRODUCED**

1.     All contracts and other written agreements between you and Defendant.

2.     All documents relating to your work schedules/shifts with Defendant.

3.     All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, between you and any employee or agent of Defendant.

4.     All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, between you and any third party (excluding your attorneys) relating to your employment with Defendant.

5.     All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, relating to all activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

6.     All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, relating to your objection to and/or refusal to participate in any activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

7.     All documents and communications, including but not limited to emails, text messages, Facebook posts, tweets, or other writings, relating to the retaliation you allege in Count I of your First Amended Complaint.

8.     All signed or unsigned affidavits, affirmations, declarations, or statements of any person relating to or concerning any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint.

9.     All documents submitted by you or any third party to any employee or agent of Defendant relating to your objection to and/or refusal to participate in any activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

10.     All documents received from any employee or agent of Defendant relating to your objection to and/or refusal to participate in any activities, policies, and/or practices of Defendant that you allege in Count I of your First Amended Complaint violated a law, rule, or regulation.

11. All documents submitted by you or any third party to any employee or agent of Defendant relating to the retaliation you allege in Count I of your First Amended Complaint.

12. All documents received from any employee or agent of Defendant relating to the retaliation you allege in Count I of your First Amended Complaint.

13. All Facebook, Twitter, or other social media posts, messages, pictures, and replies by you from January 1, 2017 through present relating to Defendant, your employment, your co-workers, and/or any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint.

14. All personal diaries, calendars, notes, memos, audio recordings, writings, computer files or any other documents created or kept by you relating to Defendant, your employment, your co-workers, and/or any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint.

15. All documents and communications relating to your hiring, employment, and/or performance at Defendant.

16. All documents and communications relating to any warnings or discipline you received from Defendant.

17. Any employee handbooks that you received from Defendant or that are otherwise in your possession.

18. All written policies or procedures that you received from Defendant or that are otherwise in your possession.

19. All documents and communications relating to your claims for damages.

20. Your income tax returns for the years 2017 through present.

21. All contracts, agreements, offer letters, paychecks, and schedules of employee benefits received by you from Defendant.

22. All photographs or video recordings of Defendant's premises.

23. All documents identified in your Rule 26 Initial Disclosures.

24. All documents identified in your answers to Defendant's First Set of Interrogatories to Plaintiff.

25. All documents reviewed, referred to or relied upon in preparing your First Amended Complaint or your answers to Defendant's First Set of Interrogatories.

26.     All documents that you intend to introduce or rely upon as evidence at the trial of this action and not produced pursuant to any of the foregoing requests.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ Chris Cavaliere

**MICHELE LEO HINTSON, ESQ.**
Florida Bar No. 604941
**CHRISTOPHER CAVALIERE, ESQ.**
Florida Bar No. 85776
mhintson@shumaker.com
ccavaliere@shumaker.com
101 East Kennedy Boulevard, Suite 2800
Tampa, Florida  33602
PH:  (813) 229-7600/FAX:  (813) 229-1660
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Email on August 4, 2020 to Patrick K. Elliott, Esq. at elliottp@employmentandconsumerlaw.com.

/s/ Chris Cavaliere

ATTORNEY

6

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHANIE DICKENS,

        Plaintiff,

v.                                    Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVICE OF
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Pepperidge Farm Incorporated, pursuant to Rule 33, Federal Rules of Civil

Procedure, propounds Interrogatory Nos. 1 through 10 upon Plaintiff, Stephanie Dickens.

                                     **SHUMAKER, LOOP & KENDRICK, LLP**

                              By: */s/ Chris Cavaliere*_____
                                   **MICHELE LEO HINTSON, ESQ.**
                                   Florida Bar No. 604941
                                   **CHRISTOPHER CAVALIERE, ESQ.**
                                   Florida Bar No. 85776
                                   mhintson@shumaker.com
                                   ccavaliere@shumaker.com
                                   101 East Kennedy Boulevard, Suite 2800
                                   Tampa, Florida  33602
                                   PH:  (813) 229-7600/FAX:  (813) 229-1660
                                   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Email on August 4, 2020 to Patrick K. Elliott, Esq. at elliottp@employmentandconsumerlaw.com.

                                   */s/ Chris Cavaliere*_____
                                   ATTORNEY

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STEPHANIE DICKENS,

        Plaintiff,

v.                                      Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

**<u>DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF</u>**

Defendant, Pepperidge Farm Incorporated, by and through its undersigned attorneys, hereby propounds the following Interrogatories to Plaintiff, Stephanie Dickens, pursuant to Rule 33, Federal Rules of Civil Procedure. Each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for said objection shall be stated instead of an answer. The answers shall be signed by the person making them and the objections shall be signed by the attorney making them. The party to whom the interrogatories are directed shall serve their answers within thirty (30) days after service of the interrogatories on the below named attorney.

**<u>Definitions and Instructions</u>**

1.      The terms "you" or "your" or "Plaintiff" or "Dickens" shall refer to Plaintiff, Stephanie Dickens.

2.      The term "Defendant" or "Pepperidge Farm" shall refer to Defendant, Pepperidge Farm Incorporated, its affiliates, predecessors, successors, parent or subsidiary entities, whether foreign or domestic, and any person at any time acting or purporting to act on its behalf, including its present or former attorneys, accountants, shareholders, agents, officers and employees.

3.     The term "person" means any natural person, firm, associates, partnership, corporation, government, governmental agency or body, or other forms of legal business entities of whatever kind.

4.     The words "document" or "documents" mean any written, typed, printed, recorded or graphic material however produced, reproduced or stored, electronically or otherwise, including but not limited to all notes, memoranda, reports, correspondence, contracts, bills, agreements, letters, messages, minutes, books, charts, ledgers, checks, statements, print-outs, computer disks, CD-ROM discs, and other optical or magnetic storage media, together with all copies (except for identical copies) and drafts thereof.  Any copy containing thereon any alterations, notes, or comments not included on any original shall not be deemed an identical copy but shall be deemed a separate documents within the foregoing identification.

5.     The words "communication" or "communications" mean any statement or utterance, whether written or oral, made by one person to another or in the presence of another, or any documents delivered to or sent from one person to another.

6.     The words "relating to" mean concerning, respecting, referring to, summarizing. digesting, embodying, reflecting, establishing, intending to establish, intending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

7.     The conjunctions "and" and "or" shall be interpreted inclusively and shall not be interpreted non-inclusively so as to exclude any information otherwise within the scope of these Interrogatories.

8.     Where precise statistics, amounts, dates, or information are not available concerning any interrogatory, the best possible estimate or information should be given.  The answer should be clearly identified as an estimate, and its source and basis set forth.

9.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the Affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the Affiant any part of the information.

10.     "Identify" means:

a.     When used in reference to a natural person, to provide his or her full name, present or last known address, his or her last known employment position or affiliation, and his or her positions and employers during the time period covered by these interrogatories, and his or her current residence and work telephone numbers;

b.     When used in reference to corporation, to provide its name and address of its principal place of business;

c.     When used in reference to a non-corporate business entity, to provide its name, the nature of the legal entity (e.g. partnership, joint venture, proprietorship, etc.) and the address of its principal place of business;

d.     When used in reference to a document, to provide the date, author, author's address, addressee, addressee's addresses, type of document (e.g. letter, memoranda, telegram, chart, computer input or output, photograph, etc.), its location and its last known custodian(s) or in the alternative to produce the document; and

e.     When used in reference to any other occurrence of thing, to state what it is called and to describe it in a complete and intelligible manner.

11.     If any privilege is claimed with respect to any interrogatory or part of any interrogatory, please state the specific nature of the privilege claimed and the factual basis for asserting the privilege.

## <u>INTERROGATORIES</u>

1.      Please identify the name, address, and telephone number of every person you believe has or may have knowledge concerning any of the allegations made in Paragraphs 26–51 and 71–73 of the First Amended Complaint, and describe in detail the knowledge each person is believed to possess.

**<u>ANSWER:</u>**

2.      With respect to Count I of your First Amended Complaint, please identify the following <u>for each</u> activity, policy, or practice of Defendant that you allege violated a law, rule, or regulation:

(a)      The particular activity, policy, or practice of Defendant that you allege violated a law, rule, or regulation, including the identity of the individual(s) with knowledge of the activity, policy, or practice and any documents relating to the activity, policy, or practice;

(b)      The specific law, rule, or regulation that was violated by the activity, policy, or practice;

(c)      Whether you objected to or refused to participate in the activity, policy, or practice;

(d)      How you objected to or refused to participate in the activity, policy, or practice, including the date you objected or refused to participate, the individual(s) to whom you objected or with whom you refused to participate, the issues or conduct to which you objected or in which you refused to participate, any witnesses with knowledge of your objection or refusal, and any documents relating to your objection or refusal.

**<u>ANSWER:</u>**

3.      With respect to Count I of your First Amended Complaint, please identify the following for each incident of retaliation that you allege:

     (a)     the retaliatory action to which you were allegedly subjected;
     (b)     the date of the alleged retaliatory action;
     (c)     the individual who allegedly perpetrated the retaliatory action;
     (d)     all witnesses to the retaliatory action; and
     (e)     any documents relating to the retaliatory action.

**ANSWER:**

4.      With respect to Count I of your First Amended Complaint, please identify and itemize all damages for which you seek monetary recovery in this action, specifying separately the nature of the damages, the amount of the damages, how you calculated the amount of the damages, all individuals with knowledge of the damages suffered, the knowledge each individual possesses, and all documents which relate or refer, in whole or in part, to the damages suffered.

**ANSWER:**

5.      Please identify the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for your mental anguish as alleged in your Amended Rule 26(A)(1) Disclosures, and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**ANSWER:**

6.      Please identify the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years, and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**ANSWER:**

7.      Have you previously made a complaint or filed a claim charging a violation of a law, rule, or regulation by a former employer, or retaliation by a former employer, or at a previous place of employment, other than the claim at issue in this litigation?  If so, state the date of such claim, the name and business address of the employer or other entity to whom you made such claim, as well as the name, address and telephone number of those individuals having knowledge of such claim, and the outcome of such claim.

**<u>ANSWER:</u>**

8.      Have you ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter?  If so, please state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**<u>ANSWER:</u>**

9.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

**<u>ANSWER</u>:**

10.     Please identify all documents you reviewed, relied upon, or referred to in preparing your answers to these Interrogatories and in preparing your First Amended Complaint.

**<u>ANSWER</u>:**

———————————————————————
STEPHANIE DICKENS

STATE OF FLORIDA

COUNTY OF _____

    **BEFORE ME,** the undersigned authority, personally appeared Stephanie Dickens who is known to me or has shown _____ as identification, who after being by me first duly sworn, deposes and says that the answers written after each of the foregoing Interrogatories are true and correct to the best of his knowledge, information and belief and he subscribed his name thereto in certification thereof.

———————————————————————
NOTARY PUBLIC