# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHANIE DICKENS,

    Plaintiff,

v.                                                     Case No. 8:19-cv-2529-TPB-AEP

PEPPERIDGE FARM
INCORPORATED,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT

This matter is before the Court on "Defendant's Partial Motion to Dismiss Counts II and III of Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law," filed on March 22, 2021. (Doc. 91). On April 5, 2021, Plaintiff filed her response in opposition to the motion. (Doc. 92). Based on the motion, response, court file, and record, the Court finds as follows:

### Background[1]

Plaintiff Stephanie Dickens began working for Defendant Pepperidge Farm Incorporated in 2009. In November 2014, she was promoted to General Utility Worker. On February 22, 2018, Plaintiff discovered a roach infestation in one of

---

[1] The Court accepts the well-pleaded facts in Plaintiff's amended complaint as true for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Defendant's wheat gluten tanks. Plaintiff believed Defendant had violated several federal regulations mandating that food processing plants implement certain protections against pest infestation and food contamination. She informed her supervisor, but Defendant took no remedial action. On April 5, 2018, however, Defendant suspended and demoted Plaintiff. She alleges these actions were taken in retaliation for her raising the contamination issue. She also alleges that these actions, as well as denials of promotions and transfers in 2016 and 2017, constituted gender discrimination and retaliation for her complaining about discrimination.

Plaintiff filed suit in state court on July 29, 2019, asserting state and federal claims. Defendant timely removed the case to this Court. Plaintiff filed an amended complaint, which the Court dismissed with leave to amend. Plaintiff's second amended complaint dropped her federal claims. With Defendant's agreement, she then filed a third amended complaint, which alleged diversity of citizenship as the basis for the Court's jurisdiction. Plaintiff's third amended complaint alleges claims for: retaliation under the Florida Private Whistleblower Act ("FWA") (Count I); gender discrimination under the Florida Civil Rights Act ("FCRA") (Count II); and retaliation under the FCRA (Count III). Defendant moves to dismiss Counts II and III.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570. When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).

Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

*Failure to Exhaust Administrative Remedies*

As a prerequisite to filing suit under the FCRA, a plaintiff must file a timely charge of discrimination with the EEOC or the Florida Commission on Human Relations ("FCHR") within 365 days of the alleged discrimination. § 760.11, *F.S.*; *Pedrioli v. Barry Univ., Inc,*, No 6:17-cv-577-Orl-40GJK, 2018 WL 538743, at *2 (M.D. Fla. Jan 24, 2018). Defendant argues that the last act of discrimination alleged by Plaintiff occurred on April 5, 2018 and that Plaintiff was therefore required to file her administrative charge no later than April 5, 2019. Defendant

further argues that because Plaintiff filed her charge on April 29, 2019, which is the date the EEOC stamped on the charge, the filing was untimely.[2]

The date stamp on the charge, however, is only presumptively the date of filing, and the presumption can be overcome by other evidence. *See Roeder v. Fla. Dep't of Env'tal Protection*, 303 So. 3d 979, 981-82 (Fla. 1st DCA 2020). Plaintiff appears to have signed the charge on March 25, 2019, and her complaint alleges she filed it on that date. (Doc. 89 at ¶ 8). The complaint attaches a March 26, 2019 letter from the EEOC suggesting that Plaintiff may have submitted some form of the same charge on March 25, 2019. (Doc. 89-5). The complaint also attaches a letter Plaintiff sent to the EEOC in August 2018 complaining of gender discrimination with respect to promotions. (Doc. 89-1). Unlike the intake questionnaire the Court previously ruled did not constitute a charge, this letter expressly invoked the machinery and remedial process of the agency. It asked the EEOC to review Plaintiff's case and to "determine if I meet the requirement for filing a gender, discrimination and bully harassment case . . . ." (*Id.*). At this stage of the proceedings, the Court cannot determine from the record whether and to what extent Plaintiff's claims are administratively barred.

---

[2] The EEOC charge, as well as other complaint exhibits referred to herein, are deemed to be part of the pleading for all purposes. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *see also Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1326 (M.D. Fla. 2013) ("In ruling on a Rule 12(b)(6) motion, the court focuses principally on the complaint, but may also consider documents attached to a pleading and matters of which a court may take judicial notice.").

Defendant argues alternatively that Plaintiff's administrative charge contains an insufficient factual narrative to preserve the claim for retaliation asserted in Count III. Plaintiff's charge, however, completed without the assistance of counsel, expressly stated she had been discriminated against on the basis of sex and retaliated against for complaining of actions in violation of Title VII. (Doc. 89-4 at 2). It sets forth the adverse employment actions on which her claims were based, including the denial of promotions in 2016 and 2017, and her discipline, suspension, and demotion in April 2018.[3] (*Id.* at 1). The scope of an administrative complaint "should not be strictly interpreted." *Gregory v. Ga. Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (internal quotations omitted); *Sheridan v. State of Fla., Dep't of Health*, 182 So. 3d 787, 789 (Fla. 1st DCA 2016) (holding that administrative preconditions on the right to sue for discrimination "must be narrowly construed in a manner that favors access" to courts). In this case, the EEOC could reasonably have been expected to investigate Plaintiff's claims of retaliation, and they are therefore not barred. *See Gregory*, 355 F.3d at 1280-81 (holding that if a claim alleged in a lawsuit is within the scope of the EEOC investigation that could reasonably be expected to grow out of the administrative charge, the claim is sufficiently preserved).

The Court accordingly denies the motion to dismiss Counts II and III based on a failure to allege exhaustion of administrative remedies. This ruling is without prejudice to Defendant's ability to raise its arguments that Plaintiff's claims are

---

[3] As discussed below, Plaintiff's claims going forward will be limited to these alleged discriminatory actions.

administratively barred, in whole or part, in a motion for summary judgment on a more complete record.

*Failure to State a Claim*

Defendant argues that Counts II and III fail to state claims for relief under Rule 8. The Court's prior Order dismissing Plaintiff's amended complaint without prejudice ruled that the amended complaint, read in conjunction with Plaintiff's administrative charge, alleged that Plaintiff was denied promotions and transfers in 2016 and 2017, and was subjected to disciplinary action, suspension, and demotion in April 2018. (Doc. 40 at 5-6). However, the Court ruled that to pursue any other alleged acts of discrimination, Plaintiff must plead additional facts regarding the alleged incidents, including the relevant dates. (*Id.* at 6).

The third amended complaint, however, fails to plead additional facts. As to other adverse employment actions, including claims of "harassment" or hostile work environment, Plaintiff's allegations remain vague and conclusory, with no specifics or time frames offered to give Defendant fair notice of the claims. Plaintiff has not responded to Defendant's argument as to the legal sufficiency of Counts II and III. Defendant's motion to dismiss Counts II and III of the third amended complaint is therefore granted in part. Counts II and III are dismissed with prejudice and without leave to amend as to all claims of gender discrimination or retaliation except those based on the denials of promotion or transfers in 2016 and 2017 and Plaintiff's suspension and demotion in April 2018. As to the latter claims, Defendant may raise its arguments as to the lack of suitable comparators, lack of causation, and other elements in a motion for summary judgment.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Partial Motion to Dismiss Counts II and III of Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law" (Doc. 91) is **GRANTED IN PART** and **DENIED IN PART.**

2. The motion is **GRANTED IN PART**.  Counts II and III are **DISMISSED WITH PREJUDICE** and without leave to amend as to all claims <u>except</u> claims for gender discrimination and retaliation based on denials of promotions and transfers in 2016 and 2017 and Plaintiff's suspension and demotion in April 2018.

3. The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of August, 2021.

                                                             **TOM BARBER**
                                                             **UNITED STATES DISTRICT JUDGE**