## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHANIE DICKENS,

        Plaintiff,

v.                                   Case No. 19-cv-02529

PEPPERIDGE FARM INCORPORATED,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
## COUNTS II AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, Pepperidge Farm Incorporated ("Defendant"), by and through its undersigned counsel, hereby responds to Counts II and III of Plaintiff, Stephanie Dickens ("Plaintiff")'s Third Amended Complaint filed March 8, 2021 as follows:

## JURISDICTION AND VENUE

1.     Defendant admits the allegations made in Paragraph 1 of the Third Amended Complaint for jurisdictional purposes only.  The remaining allegations of Paragraph 1 of the Third Amended Complaint are denied.

2.     Defendant admits the allegations made in Paragraph 2 of the Third Amended Complaint for jurisdictional purposes only.

3.     Defendant admits the allegations made in Paragraph 3 of the Third Amended Complaint for purposes of venue only.  The remaining allegations of Paragraph 3 of the Third Amended Complaint are denied.

## PARTIES

4.     Defendant admits the allegations made in Paragraph 4 of the Third Amended Complaint.

5.     Defendant admits the allegations made in Paragraph 5 of the Third Amended Complaint.

6.     Defendant admits that it is incorporated in Connecticut and that it operates a manufacturing plant in Lakeland, Florida.  The remaining allegations of Paragraph 6 of the Third Amended Complaint are admitted for jurisdictional purposes only.

## ADMINISTRATIVE PREREQUISITES

5.     The allegations made in Paragraph 5[1] of the Third Amended Complaint purport to restate the language of the referenced correspondence, which is the best evidence of its terms; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual language of the correspondence.  Defendant specifically denies

---

[1] Paragraph "5" of the Third Amended Complaint, along with all subsequently numbered paragraphs, are incorrectly numbered.  However, for the purposes of consistency, this Answer will respond to the paragraphs as numbered in Plaintiff's Third Amended Complaint.

that Plaintiff exhausted her administrative remedies with respect to Counts II and III of the Third Amended Complaint.

6.     The allegations made in Paragraph 6 of the Third Amended Complaint purport to restate the language of the referenced correspondence, which is the best evidence of its terms; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual language of the correspondence.  Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II and III of the Third Amended Complaint.

7.     The allegations made in Paragraph 7 of the Third Amended Complaint purport to restate the language of the referenced correspondence, which is the best evidence of its terms; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual language of the correspondence.  Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II and III of the Third Amended Complaint.

8.     Defendant denies the allegations made in Paragraph 8 of the Third Amended Complaint.

9.     The allegations made in Paragraph 9 of the Third Amended Complaint purport to restate the language of the referenced correspondence,

which is the best evidence of its terms; therefore, no response is required. To the extent a response is required, the allegations are denied to the extent they differ from the actual language of the correspondence. Defendant specifically denies that Plaintiff exhausted her administrative remedies with respect to Counts II and III of the Third Amended Complaint.

10.     Defendant admits the allegations made in Paragraph 10 of the Third Amended Complaint.

11.     Defendant admits the allegations made in the first sentence of Paragraph 11 of the Third Amended Complaint. With respect to the second sentence of Paragraph 11, Defendant is without knowledge as to whether Plaintiff has received notice of the FCHR's disposition; therefore, this allegation is denied. Defendant admits that it has not received notice of the FCHR's disposition. The allegations made in the third sentence of Paragraph 11 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

## GENERAL ALLEGATIONS

12.     Defendant admits that Plaintiff was hired by Defendant on March 2, 2009 and remains employed by Defendant as of the date of this Answer and Affirmative Defenses. The remaining allegations made in Paragraph 12 of the

Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

13. Defendant admits the allegations made in the first sentence of Paragraph 13 of the Third Amended Complaint. The remaining allegations made in Paragraph 13 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

14. Defendant admits that Plaintiff was hired by Defendant on March 2, 2009 and remains employed by Defendant as of the date of this Answer and Affirmative Defenses. The remaining allegations made in Paragraph 14 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

15. Defendant admits that Plaintiff was employed by Defendant on March 2, 2009 and remains employed by Defendant as of the date of this Answer and Affirmative Defenses. The remaining allegations made in Paragraph 15 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

16.     Defendant denies the allegations made in Paragraph 16 of the Third Amended Complaint.

17.     Defendant is without knowledge as to the allegations made in Paragraph 17 of the Third Amended Complaint; therefore, they are denied.

## FACTUAL ALLEGATIONS REGARDING THE
## TIMELINESS OF PLAINTIFF'S CHARGE OF DISCRIMINATION

18.     Defendant is without knowledge as to the allegations made in Paragraph 18 of the Third Amended Complaint; therefore, they are denied.

19.     Defendant is without knowledge as to the allegations made in Paragraph 19 of the Third Amended Complaint; therefore, they are denied.

20.      Defendant is without knowledge as to the allegations made in Paragraph 20 of the Third Amended Complaint; therefore, they are denied.

21.     Defendant is without knowledge as to the allegations made in Paragraph 21 of the Third Amended Complaint; therefore, they are denied.

22.     Defendant admits that Plaintiff's Charge of Discrimination was filed on April 29, 2019; any remaining allegations of Paragraph 22 of the Third Amended Complaint are denied.

23.     Defendant admits the allegations made in Paragraph 23 of the Third Amended Complaint.

24.     Defendant is without knowledge as to the allegations made in Paragraph 24 of the Third Amended Complaint; therefore, they are denied.

25.     Defendant admits that Plaintiff contacted the EEOC on several occasions before filing her Charge of Discrimination to revise her draft Charge; any remaining allegations of Paragraph 25 of the Third Amended Complaint are denied.

26.     Defendant is without knowledge as to the allegations made in Paragraph 26 of the Third Amended Complaint; therefore, they are denied.

27.     Defendant denies the allegations made in the first sentence of Paragraph 27 of the Third Amended Complaint.  The allegations made in the second sentence of Paragraph 27 of the Third Amended Complaint purport to restate the requirements of the law cited, which is the best evidence of its terms; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

28.     The allegations made in Paragraph 28 of the Third Amended Complaint purport to restate the language of the referenced questionnaire, which is the best evidence of its terms; therefore, no response is required.  To the extent a response is required, the allegations are denied to the extent they differ from the actual language of the questionnaire.

29.     Defendant denies the allegations made in Paragraph 29 of the Third Amended Complaint.

30.     Defendant denies the allegations made in Paragraph 30 of the Third Amended Complaint.

## FACTUAL ALLEGATIONS REGARDING RETALIATION UNDER THE FPWA

31.     Defendant admits the allegations made in the first sentence of Paragraph 31 of the Third Amended Complaint.  With respect to the second sentence of Paragraph 31 of the Third Amended Complaint, Defendant admits that Plaintiff began the position of General Utility Worker in February of 2016 and that she was offered the position of Production Helper in April of 2018 in lieu of termination after Plaintiff received multiple disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker. Plaintiff occupied the role of Production Helper from May 15, 2018 until August 25, 2019 when she bid into the position of Roll Panner, which she continues to occupy as of the date of this Answer and Affirmative Defenses.  The remaining allegations of Paragraph 31 of the Third Amended Complaint are denied.

32.     Defendant denies the allegations made in Paragraph 32 of the Third Amended Complaint.

33.     Defendant denies the allegations made in Paragraph 33 of the Third Amended Complaint.

34.     The allegations made in Paragraph 34 of the Third Amended Complaint fail to specify the particular actions that were allegedly taken by

Defendant and/or its agents, servants, and employees. Accordingly, Defendant is unable to either admit or deny the allegations made in Paragraph 34 of the Third Amended Complaint. To the extent a response is required, Defendant specifically denies any allegations of wrongdoing.

35. The allegations made in Paragraph 35 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

36. The allegations made in Paragraph 36 of the Third Amended Complaint purport to restate the requirements of the law cited, which is the best evidence of its terms; therefore, no response is required. To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

37. The allegations made in Paragraph 37 of the Third Amended Complaint purport to restate the requirements of the law cited, which is the best evidence of its terms; therefore, no response is required. To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

38. The allegations made in Paragraph 38 of the Third Amended Complaint purport to restate the requirements of the law, which is the best evidence of its terms; therefore, no response is required. To the extent a response

is required, the allegations are denied to the extent they differ from the actual requirements of the law.

39. Defendant denies the allegations made in Paragraph 39 of the Third Amended Complaint.

40. Defendant denies the allegations made in Paragraph 40 of the Third Amended Complaint.

41. Defendant denies the allegations made in Paragraph 41 of the Third Amended Complaint.

42. Defendant denies the allegations made in Paragraph 42 of the Third Amended Complaint.

43. The allegations made in Paragraph 43 of the Third Amended Complaint purport to restate the requirements of the law, which is the best evidence of its terms; therefore, no response is required. To the extent a response is required, the allegations are denied to the extent they differ from the actual requirements of the law.

44. Defendant denies the allegations made in Paragraph 44 of the Third Amended Complaint.

45. Defendant denies the allegations made in Paragraph 45 of the Third Amended Complaint.

46.     The allegations made in Paragraph 46 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

47.     Defendant denies the allegations made in Paragraph 47 of the Third Amended Complaint.

48.     Defendant denies the allegations made in Paragraph 48 of the Third Amended Complaint.

49.     Defendant denies the allegations made in Paragraph 49 of the Third Amended Complaint.

50.     Defendant admits that Plaintiff was offered the position of Production Helper in April of 2018 in lieu of termination after Plaintiff received multiple disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker.  The remaining allegations of Paragraph 50 of the Third Amended Complaint are denied.

51.     Defendant denies the allegations made in Paragraph 51 of the Third Amended Complaint.

52.     Defendant denies the allegations made in the first sentence of Paragraph 52 of the Third Amended Complaint.  Defendant is without knowledge as to the allegations made in the second sentence of Paragraph 52 of the Third Amended Complaint; therefore, they are denied.

53.     Defendant admits that a General Utility Worker must satisfactorily perform any position in the bakery department at any given time.     The remaining allegations of Paragraph 53 of the Third Amended Complaint are denied.

54.     Defendant admits that Plaintiff was offered the position of Production Helper in April of 2018 in lieu of termination after Plaintiff received multiple disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker.     The remaining allegations of Paragraph 54 of the Third Amended Complaint are denied.

55.     Defendant denies the allegations made in Paragraph 55 of the Third Amended Complaint.

56.     Defendant denies the allegations made in Paragraph 56 of the Third Amended Complaint.

## FACTUAL ALLEGATIONS REGARDING GENDER DISCRIMINATION

57.     The allegations made in Paragraph 57 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

58.     Defendant denies the allegations made in Paragraph 58 of the Third Amended Complaint.

59.     Defendant denies the allegations made in Paragraph 59 of the Third Amended Complaint.

60.     Defendant denies the allegations made in Paragraph 60 of the Third Amended Complaint.

61.     Defendant denies the allegations made in Paragraph 61 of the Third Amended Complaint.

62.     Defendant denies the allegations made in Paragraph 62 of the Third Amended Complaint.

63.     Defendant admits that Plaintiff received a five-day suspension on or around April 5, 2018 after receiving multiple previous disciplinary warnings and suspensions for unsatisfactory performance as a General Utility Worker; all remaining allegations of Paragraph 63 of the Third Amended Complaint are denied.

64.     Defendant denies the allegations made in Paragraph 64 of the Third Amended Complaint.

65.     Defendant denies the allegations made in Paragraph 65 of the Third Amended Complaint.

66.     Defendant denies the allegations made in Paragraph 66 of the Third Amended Complaint.

67.     Defendant denies the allegations made in Paragraph 67 of the Third Amended Complaint.

68.     Defendant denies the allegations made in Paragraph 68 of the Third Amended Complaint.

69.     Defendant denies the allegations made in Paragraph 69 of the Third Amended Complaint.

70.     Defendant denies the allegations made in Paragraph 70 of the Third Amended Complaint.

71.     Defendant denies the allegations made in Paragraph 71 of the Third Amended Complaint.

72.     Defendant admits that it took no "remedial" action, as there was no discrimination to be remedied; any remaining allegations of Paragraph 72 of the Third Amended Complaint are denied.

73.     Defendant denies the allegations made in Paragraph 73 of the Third Amended Complaint.

## COUNT I
## RETALIATION UNDER THE FPWA

74.     Defendant realleges its responses to Paragraphs 1 through 17 and 31 through 56 of the Third Amended Complaint as if fully restated herein.

75.     Defendant denies the allegations made in Paragraph 75 of the Third Amended Complaint.

76.     Defendant denies the allegations made in Paragraph 76 of the Third Amended Complaint.

77.     Defendant denies the allegations made in Paragraph 77 of the Third Amended Complaint.

**COUNT II**
**FCRA VIOLATION**
**(GENDER DISCRIMINATION)**

78.     Defendant realleges its responses to Paragraphs 1 through 30 and 57 through 73 of the Third Amended Complaint as if fully restated herein.

79.     The allegations made in Paragraph 79 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

80.     Defendant denies the allegations made in Paragraph 80 of the Third Amended Complaint.

81.     Defendant denies the allegations made in Paragraph 81 of the Third Amended Complaint.

82.     Defendant denies the allegations made in Paragraph 82 of the Third Amended Complaint.

83.     Defendant denies the allegations made in Paragraph 83 of the Third Amended Complaint.

84.     Defendant denies the allegations made in Paragraph 84 of the Third Amended Complaint.

85.     Defendant denies the allegations made in Paragraph 85 of the Third Amended Complaint.

## COUNT III
## FCRA RETALIATION

86.     Defendant realleges its responses to Paragraphs 1 through 30 and 57 through 73 of the Third Amended Complaint as if fully restated herein.

87.     The allegations made in Paragraph 87 of the Third Amended Complaint purport to state a legal conclusion; therefore, no response is required. To the extent a response is required, the allegations are denied.

88.     Defendant denies the allegations made in Paragraph 88 of the Third Amended Complaint.

89.     Defendant denies the allegations made in Paragraph 89 of the Third Amended Complaint.

90.     Defendant denies the allegations made in Paragraph 90 of the Third Amended Complaint.

91.     Defendant denies the allegations made in Paragraph 91 of the Third Amended Complaint.

92.     Defendant denies the allegations made in Paragraph 92 of the Third Amended Complaint.

93.     Defendant denies each and every allegation made in the Third Amended Complaint not specifically admitted in this Answer.

94.     Defendant has retained the law firm of Shumaker, Loop & Kendrick, LLP and is obligated to pay it reasonable attorneys' fees, costs, and expenses for which Plaintiff may be liable under applicable law.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

The alleged activity, policy, or practice of Defendant that Plaintiff alleges to have objected to or refused to participate in did not constitute an actual violation of any law, rule, or regulation.

### *Second Affirmative Defense*

Plaintiff failed to notify Defendant about any illegal activity, policy, or practice.

### *Third Affirmative Defense*

Plaintiff did not sufficiently identify or communicate to Defendant a violation of law, rule, or regulation to allow Defendant to infer that Plaintiff was objecting to or refusing to participate in a violation of law, rule, or regulation.

### *Fourth Affirmative Defense*

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided and to otherwise avoid harm.

### *Fifth Affirmative Defense*

Plaintiff's alleged protected activity was mere performance of a job requirement and did not constitute an objection to or refusal to participate in a violation of law, rule, or regulation.

### *Sixth Affirmative Defense*

Any employment actions taken with respect to Plaintiff were made based upon legitimate, non-discriminatory, non-retaliatory reasons.

### *Seventh Affirmative Defense*

Even if there was any unlawful motivation for any action taken by Defendant against Plaintiff, which Defendant denies, the same employment decision would have been reached absent discriminatory and/or retaliatory motive.

### *Eighth Affirmative Defense*

The individuals who allegedly made the decision to take adverse employment action against Plaintiff were not actually aware of Plaintiff's alleged protected activity.

### *Ninth Affirmative Defense*

Plaintiff's damages are limited, in whole or in part, to the extent Plaintiff engaged in conduct that would have resulted in the same adverse employment actions if known at the time.

### Tenth Affirmative Defense

To the extent Plaintiff claims entitlement to punitive damages, punitive damages are not available under the Florida Whistleblower Act.

### Eleventh Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff failed to satisfy a condition precedent by failing to exhaust her administrative remedies prior to filing suit.

### Twelfth Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff's Complaint is inconsistent with or exceeds the scope of her Charge of Discrimination.

### Thirteenth Affirmative Defense

To the extent that Plaintiff establishes that any employment actions were discriminatory or retaliatory, no such actions were taken with malice or reckless indifference to the statutorily protected rights of the Plaintiff.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred to the extent Defendant complied with a bona fide seniority system.

### *Fifteenth Affirmative Defense*

Any punitive damages that are alleged or may be due pursuant to the Florida Civil Rights Act are limited in accordance with Florida Statute Section 760.11.

### *Reservation of Rights*

Defendant reserves the right to assert such other affirmative defenses as may become available or apparent during discovery or other proceedings in this action.

### *Prayer for Attorneys' Fees*

Defendant retained the undersigned firm to represent it in this action and is obligated to pay the undersigned a reasonable fee for its services. Thus, pursuant to Sections 448.104 and 760.11, Florida Statutes, Defendant should be awarded, in the Court's discretion, its attorneys' fees and costs if it prevails against Plaintiff's claims in the Third Amended Complaint.

**WHEREFORE,** Defendant, Pepperidge Farm Incorporated respectfully requests that the Court dismiss Plaintiff, Stephanie Dickens's Third Amended Complaint with prejudice, award Defendant its reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 448.104 and 760.11, and grant Defendant all other relief as this Court may find appropriate.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *Chris Cavaliere*
   **MICHELE LEO HINTSON, ESQ.**
   Florida Bar No. 604941
   **CHRISTOPHER CAVALIERE, ESQ.**
   Florida Bar No. 85776
   mhintson@shumaker.com
   ccavaliere@shumaker.com
   101 East Kennedy Boulevard, Suite 2800
   Tampa, Florida  33602
   PH:  (813) 229-7600/FAX:  (813) 229-1660
   *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on September 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties of record.

   /s/ *Chris Cavaliere*
   ATTORNEY